# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10255-EFH

BRIAN J. MEUSE
    PLAINTIFF,

V.

SUSAN PANE, ROSALYN STULTS, ET AL
    DEFENDANT.

## MEMORANDUM IN SUPPORT OF DEFENDANT ROSALYN STULTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT

The defendant Rosalyn Stults ("Stults") submits this memorandum in support of her motion to strike the plaintiff Brian Meuse's ("Meuse") Complaint on the grounds that it is impossible to frame a responsive pleading without admitting or denying the accuracy of indiscernible factual allegations and haphazard conclusions of law. Moreover, despite the fact that all of the claims as set forth in Plaintiff's Complaint appear to be directed at all of the defendants, the Complaint nevertheless fails to place Stults on adequate notice regarding which of the thirteen counts are directed against her. In further support of her motion to strike, Stults states as follows:

### The Complaint

1. The defendant Stults represented the codefendant Susan Pane in a bitterly contested custody dispute with Meuse regarding the couple's infant daughter, Marissa Lynn Meuse ("Merissa"). (Plaintiff's Complaint ¶ 50).

2.  Meuse was eventually arrested, indicted and tried on parental kidnapping charges based upon Meuse's unauthorized flight to Oklahoma with Marissa. (Complaint ¶¶ 377-396).

3.  In this fifty-seven page, five-hundred and twenty-one paragraph Complaint, the Plaintiff makes the following allegations of fact against Stults:

(a) On or around 21 October 1999, Defendant Attorney Stults made her appearance as counsel for Pane in Haverhill District Court. (Complaint ¶50).

(b) On 5 October 2000, Meuse's lawyer informed Pane's local lawyer, Rosalyn Stults, about [Marissa's] visits to the hospital, with the therapists and the local doctor, and the future appointments. (Complaint ¶165).

(c) Pane and/or Stults contacted the doctors with whom Meuse had made contact to examine the child and told them that Meuse was in contempt of court. (Complaint ¶166).

(d) Almost immediately upon [Meuse's] return to his home in Ward Hill, Meuse learned from messages on his answering machine that Pane and Stults had called the doctors and had threatened them with suit were they to continue seeing Marissa. (Complaint ¶166).

(e) On 6 October 2000, Stults set up a hearing before Judge Manzi at Probate & Family Court at Lawrence, MA, for Wednesday, 11 October 2000. (Complaint ¶171).

(f) Moynihan's domestic violence advocate, Jean Walker, maintained a file on Meuse's defense counsel. The material was supplied by Pane's lawyer, Stults. (Complaint ¶291).

2

(g)  Moynihan spoke to Rosalyn Stults, her attorney, once every other week. (Complaint ¶330).

(h)  Moynihan testified that he kept no notes or records of Stults' calls, but testified that Stults called wanting to know what was going on in the investigation, telling him what was going on in Florida, what they were proceeding to do as far as getting out the posters and certain people they were getting to help them in trying to recover the kidnapped child. (Complaint ¶334).

(i)  In the press release of 31 December 2000, Pane identified that donations were to be made payable to the "Susan Pane Legal Defense Fund" and to be sent to "Attorney Roslyn (sic) Stults." (Complaint ¶337).

(j)  Stults and Pane canceled the Early Intervention Program appointments that Meuse had made. (Complaint ¶368).

6.  These are the sole factual allegations made against Stults that support Meuse's Complaint against her. Based upon the above haphazard allegations of fact alone, Meuse appears to set forth claims against Stults based upon: (a) violation of 42 U.S.C. 1983 (arrest); (b) violation of 42 U.S.C. 1983 (detention and confinement); (c) violation of 42 U.S.C. 1983 (conspiracy); (d) violation of 42 U.S.C. 1983 (refusing or neglecting to prevent); (e) malicious prosecution; (f) violation of the Mass. Civil Rights Act; (g) false arrest and imprisonment; (h) assault; (i) battery; (j) defamation, and (k) intentional infliction of emotional distress. (Complaint ¶¶ 397-521). Although the counts appear to be against all defendants, Counts 2, 4, 8, 9, and 10 make no mention of Stults whatsoever.

3

## ARGUMENT

## THE PLEADING DEFICIENCY OF THE PLAINTIFF'S COMPLAINT REQUIRE THAT ALL ALLEGATIONS AGAINST STULTS BE STRICKEN

Fed.R.Civ.P. 8(e)(1) requires that a "pleading shall be simple, concise and direct" and Fed.R.Civ.P. 8(a) requires that a complaint shall contain a "short and plain statement of the claim" and "a demand for judgment for the relief to which he deems himself entitled."

The Plaintiff's rambling complaint is neither "simple, concise and direct", nor is it "short and plain." In that the Complaint fails to properly advise Stults of exactly what she is alleged to have said or done that is actionable, it is impossible for her to file a responsive pleading that addresses the allegations in the Complaint. It is well established that:

> The language of a pleading should set forth with reasonable clarity its essential nature, so that one may understand whether it states a cause of action or defense, and it is not enough that, reading between the lines, there may be found lurking, more by suggestion, hint, or implication than by direct, plain, and categorical allegation, some semblance of a cause of action or defense.

Nickelson v. American Hide & Leather Co., 307 Mass. 456 (1941). Dismissal without prejudice of complaints such as this that are excessively verbose, prolix, and indiscernible have frequently been ordered. See Newman v. Commonwealth of Massachusetts, 115 FRD 341 (D. Mass. 1987) ("Pragmatic matters such as the time and expense for these defendants and the court to decipher this overly detailed complaint and the even more detailed answer it would necessitate . . . indicate that the complaint should be dismissed."); Callas Vakalis v. Shawmut Corp., 929 F.2d 34, 35-36 (1st Cir. 1991); Nevigel v. North Coast Life Insurance Company, 651 F.2d 671, 673 (9th 1981) ("A complaint which fails to comply with Rules 8(a) and 8(e) may be dismissed with prejudice); Green, 602 F.2d 743 (5th 1979) ("Our view that flagrant violations of Rule 8 should

4

not be tolerated is shared by courts throughout the country. There are numerous cases in which complaints have been dismissed as being contrary to the letter and spirit of the rule"); <u>Agnew v. Moody</u>, 330 F.2d 868 (9th 1964) (55 page complaint stricken); <u>Martin v. Hunt</u>, 28 FRD 35 (D. Mass. 1961) (47 page complaint dismissed); 2a <u>Moore's Federal Practice</u>, 18.13, p. 869 ("The pleading of evidence should be avoided insofar as it tends to make the pleading prolix").

Whatever plaintiff's causes of action against Stults may be and whatever relief he seeks, the chaotic arrangement of alleged factual detail and legal conclusions stated in the current Complaint serves only to obscure, rather than to disclose relevant information and claims. Framing a responsive pleading to the Complaint as it presently stands would be an extraordinarily difficult and burdensome task and well beyond the scope of what a complaint and answer are intended to accomplish under modern notice pleadings. Moreover, as Stults cannot discern the claims made against her by the Plaintiff as they are currently set forth in the Complaint, it is probable that additional time and judicial resources will be required to smoke out the basis of the Plaintiff's causes of action. Consequently, dismissing this Complaint as to Stults at this juncture and requiring the Plaintiff to clearly and concisely state his cause of action against her will serve the interests of judicial economy.

## CONCLUSION

The Plaintiff's Complaint fails to comply with Mass. R. Civ. P. 8(e)(1), 8(a)(1), and 8(a)(2) because it is neither "simple, concise and direct" nor "short and plain." Moreover, the Complaint fails to place Stults on adequate notice of the nature of the claims brought against her. Accordingly, the Complaint should be stricken without prejudice and the Plaintiff be ordered to file an amended complaint in compliance with the Federal Rules of Civil Procedure.

Dated: March 1, 2004

Respectfully submitted,
ROSALYN STULTS
By her attorneys,

George A. Berman, BBO# 040200
~~Daniel P. O'Brien~~, BBO# 652858
Posternak Blankstein & Lund LLP
100 Charles River Plaza
Boston, MA 02114
617-973-6100

### CERTIFICATE OF SERVICE

I, Daniel P. O'Brien, hereby certify that on this 1st day of March, 2004, I caused of a copy of the above defendants motion to strike plaintiff's complaint to be mailed by first class mail, postage prepaid to Barbara C. Johnson, 6 Appletree Lane, Andover, MA 01810-4102.

Daniel P. O'Brien

ID # 384093v01/8000-358/ 03.01.2004