# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10255-EFH

BRIAN J. MEUSE
    PLAINTIFF,

v.

SUSAN PANE, ROSALYN STULTS, ET AL
    DEFENDANTS.

## MEMORANDUM IN SUPPORT OF DEFENDANT SUSAN PANE'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT

The defendant Susan Pane ("Pane") submits this memorandum in support of her motion to strike the plaintiff Brian Meuse's ("Meuse") Complaint on the grounds that it is impossible to frame a responsive pleading because the vast array of indiscernible factual allegations, many of which are redundant, immaterial, impertinent and scandalous as to Pane, or which make sweeping conclusions of law that are unsupported and unsupportable. Moreover, despite the fact that all of the claims as set forth in Plaintiff's Complaint appear to be directed at all of the defendants, the Complaint nevertheless fails to place Pane on adequate notice regarding which, if any, of the thirteen counts are directed against her. In further support of her motion to strike, Stilts Pane states as follows:

### The Complaint

1. The defendant Pane lived with Meuse and eventually became involved in a bitterly contested custody dispute with Meuse regarding the couple's infant daughter, Marissa Lynn Meuse ("Merissa"). (Plaintiffs Complaint ¶¶ *19 and 50).*

2. Meuse was eventually arrested, indicted and tried on parental kidnapping charges based upon Meuse's unauthorized flight to Oklahoma with Marissa. (Complaint ¶¶ 377-396).

3. In this fifty-seven page, five-hundred and twenty-one paragraph Complaint, the Plaintiff makes the following allegations of fact against Pane:[1]

- a. Pane worked as a pharmaceutical technician at Merck-Medco, a mail order pharmacy. (Complaint ¶¶ 21 - 27).

- b. Pane was pill-dependent and used false prescriptions, or other means, to obtain prescription pills. (Complaint ¶¶ 28 - 36).

- c. Pane and Meuse had a child which Pane was having difficulty caring for. (Complaint ¶¶ 37 - 40).

- d. Pane took the child to Florida. (Complaint ¶¶ 41 - 48)

- e. Pane had the child in Florida when Meuse obtained a temporary restraining order against Pane in Massachusetts and granted Meuse temporary custody (never enforce). (Complaint ¶¶ 48 - 58)

- f. Pane evaded service of process. (Complaint ¶¶ 51 -58)

- g. The Haverhill District Court granting the temporary custody order was unwilling to enforce the order when Pane appeared. (Complaint ¶60)

- h. The child was not developing at an age appropriate level. (Complaint ¶¶ 65-68).

- i. Pane is an unfit mother and uses prescription pills. (Complaint ¶¶ 69 - 72)

- j. Pane is an unfit mother and does not obtain physical therapy for child. (Complaint ¶¶ 140 - 150)

- k. Pane was received disability payments for a time, was unemployed for a time and worked for a time. (Complaint ¶ 149 fn. 8)

- l. Pane reports the child kidnaped from Florida. (Complaint ¶ 185)

- m. Pane notified organizations throughout America of the kidnaping of her child and her child's description. (Complaint ¶298 - 300)

- n. Pane release an "Open Letter to Brian Meuse." (Complaint ¶336)

- o. In the press release of 31 December 2000, Pane identified that donations were to

---

[1] By setting forth the following list Pane in no way admits the allegations, and reserves all rights to admit, deny or otherwise respond, if she ultimately must attempt to decipher such allegations in a responsive pleading.

       be made payable to the "Susan Pane Legal Defense Fund" and to be sent to "Attorney Roslyn (sic) Stilts." (Complaint ¶337).

p.    Stults and Pane canceled the Early Intervention Program appointments that Meuse had made. (Complaint ¶368).

4.    These are the sole factual allegations made against Pane that support Meuse's Complaint against her. The sole purpose of these allegations is to slander the good name of Pane by making unsubstantiated allegations of drug dependancy (alcohol and prescription drugs) and that she was not a fit mother. However immaterial these allegations are, Meuse appears to attempt to base his claims against Pane for: (a) violation of 42 U.S.C. 1983 (arrest); (b) violation of 42 U.S.C. 1983 (detention and confinement); (c) violation of 42 U.S.C. 1983 (conspiracy); (d) violation of 42 U.S.C. 1983 (refusing or neglecting to prevent); (e) malicious prosecution; (f) violation of the Mass. Civil Rights Act; (g) false arrest and imprisonment; (h) assault; (i) battery; (j) defamation, and (k) intentional infliction of emotional distress. (Complaint ¶¶ 397-521). Although the counts appear to be against all defendants, Counts 2, 4, 8, 9, and 10 make no mention of Pane whatsoever.

## ARGUMENT

### THE PLEADING DEFICIENCY OF THE PLAINTIFF'S COMPLAINT REQUIRE THAT ALL ALLEGATIONS AGAINST PANE BE STRICKEN

Pane adopts by reference and joins co-defendant Sutlts' Memorandum in Support of her Motion to Dismiss in full and specifically joins the argument section regarding the complaints failure to comply with Fed.R.Civ.P. 8(e)(1) which requires that a "pleading shall be simple, concise and direct", and Fed.R.Civ.P. 8(a) which requires that a complaint shall contain a "short and plain statement of the claim" and "a demand for judgment for the relief to which he deems himself entitled."

Moreover, these allegations should be stricken because they are impertinent and scandalous. "The motion to strike under rule 12(f) is for the purpose of simplifying and limiting the pleadings by the elimination of 'redundant, immaterial, impertinent, or scandalous matter,' . . . Changes in Federal Practice Resulting from the Adoption of the New Federal Rules of Civil Procedure, 1940, 1 F.R.D. 337, 345. The function is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, C.A.9th, 1993, 984 F.2d 1524, 1527, reversed on other grounds 1994, 114 S.Ct. 1023, 510 U.S. 517, 127 L.Ed.2d 455, quoting Sidney-Vinstein v. A.H. Robins Co., C.A.9th, 1983, 697 F.2d 880, 885, and, Reyn's Pasta Bella, L.L.C. v. Visa U.S.A., Inc, 259 F.Supp.2d 992 (N.D.Cal. 2003)(although not favored, a motion to strike may be granted on the grounds of immateriality or impertinence when the allegations or language are irrelevant to the controversy). The lengthy allegations of drug use, of Pane's fitness as a mother, of alleged failure to accept service, and her alleged attempts to find her child hidden in Oklahoma are simply irrelevant to all claims subsequently made. The intent is clear, to defame Pane's name. Therefore these allegations should be struck in there entirety.

## CONCLUSION

The Plaintiffs Complaint fails to comply with Mass. R. Civ. P. 8(e)(1), 8(a)(1), 8(a)(2), and 12(b)(e) because it is neither "simple, concise and direct" nor "short and plain". Moreover, the Complaint fails to place Pane on adequate notice of the nature of the claims brought against her. Finally, the allegations are immaterial to any subsequent claim and has the sole purpose of defaming Pane. Accordingly, the Complaint should be stricken without prejudice and the Plaintiff be ordered to file an amended complaint in compliance with the Federal Rules

of Civil Procedure.

Dated: March 5, 2004

>Respectfully submitted,
>Susan Pane
>By her attorneys,
>
>_____
>Rodney Dowell, Esq., BBO No. 629016
>Berman & Dowell
>210 Commercial Street, 5th Floor
>Boston, MA 02109
>617-723-9911 (telephone)
>617-723-6688 (facsimile)
>rdowell@bermandowell.com

### CERTIFICATE OF SERVICE

I, Rodney S. Dowell, hereby certify that on March 5, 2004, I served a copy of the foregoing by first class mail, postage prepaid, to: Barbara C. Johnson, 6 Appletree Lane, Andover, MA 01810-4102, and Daniel P. O'Brien, Posternak, Blankstein & Lund, LLP, 100 Charles River Plaza, Boston, MA 02114.

_____
Rodney S. Dowell