UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br>    Plaintiff,<br><br>v.<br><br>SUSAN PANE, ROSALYN STULTS,<br>LT. DETECTIVE DANIEL R. MOYNIHAN,<br>in his official and individual capacities,<br>CAPTAIN DONALD THOMPSON, in his official<br>and individual capacities, CITY OF HAVERHILL,<br>MASSACHUSETTS, LOUIS FREE, in his official<br>Capacity, CHARLES S. PROUTY, in his official<br>and individual capacities, FOX NEWS CHANNEL<br>a/k/a FOX25NEWS, AMERICA'S MOST<br>WANTED, NATIONAL CENTER FOR MISSING<br>AND EXPLOITED CHILDREN, WAL-MART<br>STORES, INC.,<br>    Defendants. | Civil Action No.<br>04CV10255EFH |

**DEFENDANT NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 8 AND RULE 12(F)**

The Defendant National Center for Missing and Exploited Children ("NCMEC") hereby moves to dismiss the Plaintiff's Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure, or alternatively to strike the Complaint in its entirety pursuant to Rule 12(f). In support of this Motion, NCMEC states the following:

**FACTUAL BACKGROUND**

The Plaintiff Brian J. Meuse ("Plaintiff") has filed a fifty-seven (57) page, single spaced Complaint against twelve (12) defendants, which consists of five hundred and twenty-one (521) numbered paragraphs, thirty-four (34) footnotes, and sixty (60) incorporated exhibits. The Complaint also contains thirteen (13) counts against the "Defendants" generically for various

alleged violations of 42 U.S.C., § 1983, malicious prosecution, abuse of process, violations of the Massachusetts Civil Rights Act, Mass. Gen. Laws, ch. 12, § 11I, false arrest and imprisonment, assault, battery, conspiracy, defamation, and intentional infliction of emotional distress. Many of the Counts do not differentiate between the "Defendants" or would otherwise put NCMEC on notice of the specific claims made against it.

Of the five hundred and twenty-one (521) numbered paragraphs, only sixteen (16) paragraphs specifically refer to NCMEC. Despite the magnitude of the Complaint, however, the Plaintiff fails to even minimally identify the alleged legal status of NCMEC, the role it played in the prosecution of, and alleged injury to, the Plaintiff, or the basis for Plaintiff's allegation that NCMEC is legally liable to the Plaintiff when, at most, it published factual information provided by the FBI. Specifically, as to NCMEC, the Complaint alleges the following:

¶ 14: "National Center for Missing and Exploited Children, Wang International Children's Bldg., 699 Prince St., Alexandria, VA 22314-3175. NCMEC and Wal-Mart are partners."

¶15:"...Wal-Mart is a 'Premiere Partner' of NCMEC."

¶ 298: "Between October 2000 and 22 March 2001, Pane had about 50 conversations with different organizations: (a) National Center for Missing and Exploited Children, (b) Voice for the Children, (c) a California-based organization."

¶ 299: "Pane provided organizations current pictures, height, weight, skin color, sufficient information so that the organizations could put together a package, including a poster, for distribution."

¶ 300: "Pane had 500 posters made at a time, provided them to the NCMEC in the very beginning of October, 2000, distributed them throughout many states, and hung them in

Laundromats, grocery stores, other stores, hotels, gas stations in Massachusetts generally, the Haverhill and Methuen areas in particular, and in many, many towns in New York."

¶ 306: "The poster by National Center for Missing and Exploited Children ["NCEMC"] names Meuse as an 'abductor' and November 6, 2000, as the date when Meuse allegedly fled unlawfully to avoid prosecution."

¶ 307: "Moynihan denied having anything to do with the information written on the NCMEC poster..."

¶ 419: "The FBI coordinated activities with the National Center for Missing and Exploited Children with the intent to broadcast nationwide the poster of Meuse and Marissa."

¶ 420: "On 10 February 2001, FoxNews broadcast the FBI/NCMEC Missing/Abductor poster."

¶ 421: "On Friday 16 February 2001, American Broadcasting Company's ['ABC's'] Sally Jessy Raphael's show broadcast a different version of the FBI/NCMEC Missing/Abductor poster. It read "Family Abduction" rather than "Missing/Abductor."

¶ 422: "Beginning on or around 10 February 2001, FOX TV's America's Most Wanted show displayed the FBI/NCEMC Missing/Abductor poster on its website [see above] and that poster exists on the website to date."

¶ 429: "FoxNews, the Haverhill police department, Thompson, Moynihan, Stults, Prouty, NCMEC, and Pane misrepresented that Meuse was a fleeing felon."

¶ 495: "FoxNews, Prouty, Wal-Mart, NCMEC, AMW, Moynihan, and Susan misrepresented that Meuse was a fleeing felon."

¶ 496: "Wal-Mart sponsored NCMEC and the America's Most Wanted segments in which the poster against Meuse was used."

¶ 508: "The 'My Child Has Been Stolen' episode [of the Sally Jessy Raphael show] was sponsored by NCMEC and America's Most Wanted."

¶ 509: "The Wanted poster was displayed two times and read, 'Family Abduction.' [sic] portrayed Meuse and the child, and instructed viewers to call 1-800-The-Lost upon seeing Meuse and/or the child."

The remaining five hundred and five (505) paragraphs contain a myriad of allegations, which are unrelated to NCMEC or which pertain to the "Defendants" without specificity. Additionally, the relevance of the detailed allegations to the Plaintiff's claims or demands for relief against NCMEC is unclear. Those allegations include excruciatingly detailed accounts of: Defendant Susan Pane's alleged drug use, work history and pregnancy; recitations of trial testimony from Meuse's criminal trial with citations to the trial transcript; references to cases and other legal and non-legal materials in support of the allegations; details of the child's alleged medical and developmental delays; and various alleged acts and omissions by the law enforcement defendants.

## ARGUMENT

Federal Rule of Civil Procedure 8(a) requires plaintiffs to confine their pleading to "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e) requires that "[e]ach averment of a pleading be simple, concise, and direct." The Federal Rules impose such a requirement on plaintiffs "because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1281, at 365 (1969)). Courts have insisted on clear and explicit notice pleading in the interest

of fair, inexpensive and efficient resolution of claims. Carbone, Inc. v. Proctor Ellison Co., 102 F.R.D. 951, 953 (D. Mass. 1984). It is within the Court's power -- on its own initiative or in response to a Motion -- to strike the Complaint (or portions thereof) or to dismiss the Complaint. Salahuddin, 861 F.2d at 42.

Dismissal of a complaint that violates Rule 8(a) is appropriate where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. See also, Newman v. Massachusetts, 115 F.R.D. 341, 344 (D.Mass. 1987)(civil rights complaint dismissed where detail in the complaint was not necessary and organization made defendant's task in answering the complaint unnecessarily difficult).

Although the Complaint wholly fails to state a claim against NCMEC[1], the Court need not consider the merits of the Complaint when determining whether a Complaint complies with Rule 8. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). The issue before the Court is whether the Plaintiff's Complaint complies with the dictates of Rule 8 in making a "short and plain statement of the claim." Id.

The Complaint in this matter, which spans fifty-seven (57) pages of single spaced text and incorporates sixty (60) exhibits totaling approximately one hundred and sixty-one (161) additional pages, is precisely the type of pleading Rule 8 was meant to address, and should be dismissed because it clearly violates Rule 8. As a matter of law the Complaint is not "short and plain" and the five hundred and twenty-one paragraphs contained therein are not "simple, concise and direct" as required by Rule 8.[2] In fact, "[i]t is hard to imagine a pleading more

---

[1] NCMEC specifically reserves its right to file a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) following the Court's ruling on its Motion to Dismiss pursuant to Fed.R.Civ.P. 8 and 12(f).

[2] See, e.g. Kuehl v. F.D.I.C., 8 F.3d 905, 906 (1st Cir. 1993), cert.denied, 511 U.S. 1034 (1994) (affirming the dismissal of a 43-page, 358-paragraph complaint); Salahuddin, 861 F.2d at 43 (affirming the dismissal of a 15-page complaint containing unnecessary detail); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming the dismissal of a 23-page complaint with 24 pages of addenda); Vakharia v. Little Co. of Mary Hospital & Health Care Ctrs., 917 F. Supp. 1282, 1303 (N.D. Ill. 1996) (dismissing a 51-page, 178-paragraph complaint).

completely at variance with both the letter and spirit of Rule 8(e)(1)." McCoy v. Providence Journal Co., 190 F.2d 760, 766 (1st Cir.), cert. denied, 342 U.S. 894 (1951)(referring to a 21-page complaint with 70 pages of exhibits, containing argumentative, redundant and verbose allegations of fact).

Both the Court and NCMEC are prejudiced by the undue burden imposed by Plaintiff's verbose and cumbersome Complaint. Plaintiff's flagrant lack of compliance with Rule 8 imposes upon NCMEC the onerous task of formulating an answer to a laundry list of lengthy allegations, questionably relevant facts, and dubiously applicable statutes and causes of action. The Court and NCMEC are entitled to know in a "short and plain" pleading what the key factual allegations are and which claims are made against each individual defendant. The Plaintiff's Complaint is the antithesis of a pleading compliant with Rule 8, and his flouting of Rule 8 justifies the dismissal of his Complaint.

## CONCLUSION

For the aforementioned reasons, the Defendant National Center for Missing and Exploited Children requests that the Court dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 8. Alternatively, the Defendant requests that the Complaint be stricken in its entirety pursuant to Fed.R.Civ.P. 12(f). Should the Court dismiss the Complaint without prejudice to refiling, the Defendant requests that the Court enter an Order in the form attached hereto as Exhibit A requiring that the Plaintiff (1) make a short and plain statement of the facts supporting his claim in compliance with Rule 8, and (2) specifically identify the particular defendants against whom he asserts each Count of his Complaint.

BOS_437956_1/WROSEBUSH