UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10255-EFH

BRIAN J. MEUSE
    PLAINTIFF,

V.

SUSAN PANE, ROSALYN STULTS, ET AL
    DEFENDANT.

### DEFENDANT ROSALYN STULTS ANSWER AND JURY DEMAND

Now comes the defendant, Rosalyn Stults ("Stults") and pursuant to Fed. R. Civ. P. 12(a), hereby answers the allegations in the Complaint of the plaintiff Brian J. Meuse ("Plaintiff") as follows:

1    Stults is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as set forth in Paragraphs 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 20, 21, 22, 25, 26, 27, 42, 44, 45, 47, 49, 52, 56, 58, 60, 62, 63, 66, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125 (including all subparagraphs thereto), 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 139, 142, 144, 145, 148, 149, 151, 154, 155, 156, 157, 159, 160, 161, 162, 163, 164, 167, 168, 169, 172, 173, 174, 175, 176, 177, 179, 180, 181, 182, 183, 184, 186, 188, 189, 190, 191, 192, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231,

ID # 384083v01/8000-358/ 04.07.2004

232, 233, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 285, 286, 287, 288, 289, 290, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 307, 308, 309, 311, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 332, 333, 334, 336, 337, 345, 346, 347, 348, 349, 350, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361[1], 362, 363, 365, 366, 367, 368, 370, 371, 373, 374, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 400, 401, 402, 408, 455, 474, 475, 506, 508, and 509.

2.   Stults admits the allegations as set forth in Paragraphs 5, 19, 28, 32, 37, 50, 53, 54, 64, 73, 143, 147, 152, 165, 170, 310, 312, and 331.

3.   Stults denies the allegations as set forth in Paragraphs 1, 2, 23, 24, 29, 30, 31, 33, 34, 35, 36, 38, 39, 40, 41, 46, 51, 55, 61, 65, 67, 69, 70, 71, 72, 114, 115, 131, 140, 141, 146, 150, 153, 158, 166, 171, 178, 185, 187, 193, 234, 235, 284, 291, 330, 338, 339, 340, 341, 342, 343, 364, 369, 372, 375, 376, 377, 398, 399 (including all subparagraphs thereto), 405, 406, 407, 409, 411, 418, 423, 424 (including all subparagraphs thereto), 425 (including all subparagraphs thereto), 426, 427, 428, 429, 430, 431, 432, 433, 442, 443, 444, 447, 453, 454, 458, 459, 460, 466, 467, 468, 470, 472, 473, 476, 477, 480, 481 (including all subparagraphs thereto), 482, 485, 486, 489, 490 (including all subparagraphs thereto), 491 (including all subparagraphs thereto), 492, 493, 494, 498, 499, 501, 503, 504, 505 (including all subparagraphs thereto), 507, 510, 511, 512, 514, 515, 516, 517, 518, and 519.

---

[1] The Plaintiff's complaint enumerates a total of six paragraphs as 361, 362, and 363. Stults has insufficient information to either admit or deny the allegations as set forth in any of the six paragraphs enumerated as 361, 362 or 363.

2

4. To the extent that Paragraphs 16, 17, 18, 344, and 351 set forth conclusions of law, no answer thereto is required. To the extent that an answer is required, Stults denies the allegations as set forth in these paragraphs.

5. The Plaintiff makes no allegations regarding issues of fact or law in Paragraphs 397, 410, 412, 434, 441, 457, 465, 471, 479, 484, 488, 502, and 513 of his complaint and therefore no response is required. To the extent that a response is required, Stults refers to the answers to individually numbered paragraphs as set forth herein.

6. The Plaintiff makes no allegations of fact or law against Stults in Paragraphs 403, 404, 413, 414, 415, 416, 417, 419, 420, 421, 422, 435, 436, 437, 438, 439, 440, 445, 446, 448, 449, 450, 451, 452, 456, 461, 462, 463, 464, 469, 478, 483, 487, 495, 496, 497, 500, 520, and 521 and therefore no response is required.

7. In answering Paragraph 43, Stults admits that the Plaintiff filed an action for custody and paternity. Stults has insufficient information to either admit or deny the date on which the Plaintiff filed this action. Stults denies the remaining allegations in Paragraph 43.

8. In answering Paragraph 48, Stults admits that the Plaintiff obtained a temporary restraining order pursuant to M.G.L. c.209A that gave the Plaintiff temporary custody of the minor child. Stults denies the remaining allegations in Paragraph 48.

9. In answering Paragraph 57, Stults admits that a Valusia County Sheriff served Pane with a Massachusetts Abuse Prevention Order at 291 Sagewood Drive, Port Orange, Florida. Stults has insufficient information to either admit or deny the remaining allegations in Paragraph 57.

ID # 384083v01/8000-358/ 04.07.2004

10. In answering Paragraph 59, Stults admits that Pane was in Haverhill District Court for a hearing on a c. 209A restraining order and that the hearing was continued to December 10, 1999. Stults denies the remaining allegations in Paragraph 59.

11. In answering Paragraph 68, Stults admits that certain medical professionals opined that Pane's minor child should be provided with physical and occupational therapy, Stults has insufficient information to either admit or deny the remaining allegations in Paragraph 68.

12. In answering Paragraph 306, Stults admits that a poster created by the National Center for Missing and Exploited Children named Meuse as an "abductor." Stults denies the remaining allegations in Paragraph 306.

13. In answering Paragraph 335, Stults admits that she issued letters to Charles Kelly dated November 14, 2000 and November 16, 2000. Stults states that the length of the letters speaks for themselves. Stults denies the remaining allegations in Paragraph 335

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claim is barred by the applicable statute of limitations.

### Third Affirmative Defense

The Plaintiff's claim should be barred as Stults has no attorney-client relationship with the Plaintiff.

ID # 384083v01/8000-358/ 04.07.2004

### Fourth Affirmative Defense

The Plaintiff's claims under 42 U.S.C. sec. 1983 of alleged damages stemming from alleged civil rights violations should be barred in that Stults never acted under the color of law as a state actor.

### Fifth Affirmative Defense

The Plaintiff's claims under 42 U.S.C. sec. 1983 of alleged damages stemming from alleged civil rights violations should be barred in that Stults never detained, confined, or arrested the Plaintiff.

### Sixth Affirmative Defense

The Plaintiff's claims against Stults are barred because any and all alleged acts, errors, or omissions on the part of Stults are not the proximate cause of any of the Plaintiffs' alleged damages.

### Seventh Affirmative Defense

The Plaintiff's claims against Stults based upon malice and/or any other allegedly willful or intentional conduct are barred because the Plaintiff has failed to plead these claims with sufficient specificity.

### Eighth Affirmative Defense

The Plaintiff's claims against Stults under the Massachusetts Civil Rights Act are barred because the Plaintiff has not identified a right that Stults has interfered with by threats, intimidation, or coercion.

### Ninth Affirmative Defense

The Plaintiff's claims of conspiracy to violate his civil rights are barred because the Plaintiff has failed to set forth any facts supporting an alleged conspiracy.

### Tenth Affirmative Defense

The Plaintiff's claims against Stults for abuse of process and/or malicious prosecution are barred because Plaintiff has failed to allege that Stults ever initiated any form of process against the Plaintiff.

### Eleventh Affirmative Defense

The Plaintiff's claims against Stults for false arrest are barred because the Plaintiff has failed to allege that Stults confined or attempted to confine the Plaintiff within fixed boundaries.

### Twelfth Affirmative Defense

The Plaintiff's claims of assault and battery are barred because the Plaintiff has failed to allege that Stults either placed the Plaintiff in reasonable apprehension of an unauthorized touching or immediate physical harm, or caused an offensive touching of the Plaintiff.

### Thirteenth Affirmative Defense

The Plaintiff's claims of defamation against Stults are barred by the defense of absolute truth and the failure to allege malice.

### Fourteenth Affirmative Defense

The Plaintiff's claims of defamation against Stults are barred by the absolute litigation privilege

### JURY DEMAND

The Defendant Stults claims a right to trial by jury on all issues so triable.

**WHEREFORE**, the defendant Stults demands judgment as follows:

    A.    Dismissing the Plaintiff's Complaint with prejudice;

    B.    Awarding this Defendant her costs incurred in defending this action, including reasonable attorney's fee; and

  C. For such other and further relief as the Court deems meet and just.

Dated: ~~March 15, 2004~~
*April 7, 2004*

           Respectfully submitted,
           ROSALYN STULTS
           By her attorneys,

           George A. Berman, BBO# 040200
           Daniel P. O'Brien, BBO# 652858
           Posternak Blankstein & Lund LLP
           The Prudential Tower, 800 Boylston St.
           Boston, MA 02114
           617-973-6100

## CERTIFICATE OF SERVICE

I, Daniel P. O'Brien, hereby certify that on this 7th day of April, 2004, I caused a copy of the above defendants answer and jury demand to be mailed by first class mail, postage prepaid to Barbara C. Johnson, 6 Appletree Lane, Andover, MA 01810-4102.

           Daniel P. O'Brien

7