UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

Brian J. Meuse,
    Plaintiff,

v.                                 CIVIL ACTION NUMBER 04CV10255EFH

Susan Pane, Rosalyn Stults,
Lt. Detective Daniel R. Moynihan, in his
official capacity and individual capacities,
Captain Donald Thompson, in his official and
individual capacities, City of Haverhill, Massachusetts
Louis Freeh, in his official capacity,
Charles S. Prouty, in his official and
individual capacities, FOX News Channel
a/k/a FOX25News, Americas Most Wanted,
National Center for Missing and Exploited Children,
Wal-Mart Stores, Inc.

    Defendants

---

ANSWER AND JURY DEMAND OF DEFENDANT SUSAN PANE

Susan Pane ("Pane") hereby answers the allegations in the Complaint filed by Brian J. Meuse ("Plaintiff") as follows:

1. Pane admits paragraphs 4, 19, 21, 32, 37, 50, 147, 148, 166, 171, 295, 296, 298, 299, 328, 329, 395, and 402.

2. Pane denies paragraphs 20, 22, 23, 29, 30, 31, 33, 34, 36, 38, 39, 40, 41, 46, 47, 51, 52, 55, 61, 63, 69, 70, 72, 97, 141, 144, 146, 150, 153, 297, 300, 327, 336, 351, 371, 372, 376, 399, 405, 406, 409, 411, 417, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 442, 443, 444, 450, 451, 452, 453, 454, 455, 458, 459, 460, 466, 467, 468, 469, 470, 472, 473, 476, 477, 480, 481, 482, 485, 486, 489, 490, 491, 492, 493, 494, 498, 499, 504, 505, 507, 510, 511, 512, 514, 515, 516, 517, 518, 519, and 521.

3. Pane is without knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraphs 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 35, 42, 43, 49, 58, 59, 60, 62, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103,

        104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 142, 143, 151, 152, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 168, 169, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 301, 302, 303, 304, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 320, 321, 322, 323, 325, 326, 330, 331, 332, 333, 334, 335, 338, 339, 340, 341, 342, 346, 347, 348, 349, 350, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 370, 373, 374, 375, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 396, 400, 401, 403, 404, 407, 408, 413, 414, 415, 416, 418, 419, 420, 421, 422, 435, 436, 437, 438, 439, 440, 445, 446, 447, 448, 449, 456, 461, 462, 463, 464, 474, 475, 478, 483, 487, 495, 496, 497, 500, 501, 503, 506, 508, 509, and 520, and as to each of these paragraphs denies the same.

4.     Pane states that paragraphs 1, 2, and 398 make legal conclusions to which a response is not required. To the extent a response is required, Pane denies the same.

5.     Pane states that paragraphs 54, 56, 64, 65, 66, 67, 68, 305, 306, 317, 318, 319, 337, 343, and 369 make representations as to the contents of documents which speak for themselves and to which a response is not required. To the extent a response is required, Pane denies all allegations therein.

6.     As to paragraph 24, Pane denies that she had the capability of entering any prescription she wanted into the system, but admits that she worked as a level-two technician at Merck-Medco, that she entered prescription into the computer system, and that level-one technicians filled the prescriptions. Pane denies all other allegations therein.

7.     As to paragraph 25, Pane states the testimony speaks for itself and a response is not required, to the extent a required, the allegations set forth therein are denied.

8.     As to paragraph 26, Pane admits the process as to how a level-one technician fills a prescription except she denies that the prescription does not include the name of the person receiving the prescription.

9.     As to paragraphs 27, 44, 45, and 53 Pane admits these paragraphs except that she has insufficient information or knowledge to admit or deny the specific dates set forth therein.

10. As to paragraph 28, Pane admits she denied being pill dependant, and denies all other allegations therein.

11. As to paragraph 48, Pane states that the document referred to speaks for itself and that a response is not necessary. To the extent a response is necessary she denies the same, and further states that the document was obtained by false pretense.

12. As to paragraph 57, Pane states that the documents referenced speak for themselves, admits that she was served on or about November 3, 1999, but denies all other allegations therein.

13. As to paragraph 71, Pane admits she received a prescription of pain relief medication after she underwent a cesarean section during the birth of her child, but denies all other allegations.

14. As to paragraph 140, Pane admits she took the child to therapy on the dates listed, but denies all other allegations therein.

15. As to paragraph 145, Pane admits she went on vacation, but denies all other allegations therein.

16. As to paragraph 149, Pane states that the testimony speaks for itself and a response is not required, to the extent a response is necessary it is denied. As to the footnote, Pane denies Meuse had legal physical custody, admits she went to work in a Wal-Mart pharmacy department, is unclear what is meant by "dispensing pills" and therefore denies the same, but admits remainder of footnote 8.

17. As to paragraph 167, Pane admits she has a legal custody of the child and she informed Dr. Tanguey of the same. She denies all other allegations therein.

18. As to paragraph 170, Pane admits Meuse kidnapped the child on or about October 2000, but denies all other allegations therein.

19. As to paragraph 172, Pane admits order entered granting her custody, but denies that Meuse was without notice, and denies all other allegations therein.

20. As to paragraph 324, Pane states that the court order speaks for itself, she is without information or knowledge to admit or deny testimony, and denies all other allegations therein.

21. As to paragraph 344, Pane admits she received custody, but she denies all other allegations therein, including the statement of law to which a response is not necessary.

22. As to paragraph 345, Pane admits Meuse not present in court, denies that he did not receive legal notice, and denies all other allegations therein.

23. Pane repeats her answers to the allegations as set forth in all paragraphs proceeding paragraphs 397, 410, 412, 434, 441, 457, 465, 471, 479, 484, 488, 502, and 513 as if fully incorporated into each.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief may be granted.

2. The claims are barred by the applicable statute of limitations.

3. The plaintiff's claims under 42 U.S.C. §1983 alleging civil rights violations are barred in that Pane never acted under the color of law as a state actor.

4. The plaintiff's claims under 42 U.S.C. §1983 alleging civil rights violations are barred in that Pane never detained, confined, or arrested the plaintiff.

5. The plaintiff's claims are barred because Pane was not the proximate cause of any of Meuse's alleged damages.

6. The plaintiff's claims based on malice or any other allegedly wilful or intentional conduct are barred because that are not plead with the requisite specificity.

7. Plaintiff's claims under the Massachusetts Civil Rights Acts are barred because the plaintiff has not identified a right that Pane interfered with by threats, intimidation or coercion.

8. Plaintiff's claims of conspiracy to violate his civil rights are barred because the plaintiff has failed to set forth any facts supporting an alleged conspiracy.

9. Plaintiff's claims for false arrest are barred because the plaintiff has failed to allege that Pane confined or attempted to confine the plaintiff within fixed boundaries.

10. Plaintiff's claims of assault and batter are barred because the plaintiff has failed to allege that Pane placed the plaintiff in reasonable apprehension of an unaurhorized touching or immediate physical harm, or caused an offensive touching of the plaintiff.

11. The plaintiff's claims of defamation are barred by the defense of absolute truth and the failure to allege malice.

12. Plaintiff's claims of defamation are barred by the absolute litigation privilege.

13. Plaintiff's claims are barred because Pane's actions and conduct were privileged.

14. Plaintiff's claims are barred by the doctrines of estoppel, laches and unclean hands.

15. The acts or omissions alleged by the plaintiff were committed, if at all, by persons or entities for whose conduct Pane is not legally responsible.

16. When plaintiff was arrested there was probable cause for making the arrest.

17. Plaintiff's claims are barred because Pane was justified in her acts and conduct.

18. The plaintiff's claims are barred by the rules of collateral estoppel and res judicata.

19. Plaintiff's claims are wholly unsubstantiated, frivolous, and advanced in bad faith by the plaintiff; therefore, Pane is entitled to recover her reasonable costs and attorneys' fees incurred to defend this action pursuant to M.G.L. c. 231, §6F.

## JURY DEMAND

The Defendant Susan Pane claims a right to trial by jury on all issues so triable.

WHEREFORE, the defendant Susan Pane demands judgment as follows:

a. Dismissing the complaint with prejudice;
b. Awarding Pane her costs incurred in defending this action, including reasonable attorney's fees; and
c. For such other and further relief as the Court deems necessary and just.

Respectfully submitted
Susan Pane
By her attorneys,

  /S/ Rodney S. Dowell
Rodney S. Dowell, BBO#629016
Berman & Dowell
210 Commercial Street
Boston, MA 02109
617-723-9911
rdowell@bermandowell.com

CERTIFICATE OF SERVICE

I, Rodney S. Dowell, hereby certify that I caused a copy of the above documents to be served on all counsel of record this 10th day of May, 2004.

  /S/ Rodney S. Dowell
Rodney S. Dowell