UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br>   Plaintiff,<br>v.<br><br>SUSAN PANE, et al.,<br>   Defendants. | Civil Action No. 04-10255-EFH<br><br>SUPPLEMENT TO<br>MOTION OF FOX TELEVISION STATIONS, INC.<br>TO DISMISS COMPLAINT |

Pursuant to leave of Court granted May 12, 2004, defendant Fox Television Stations, Inc. ("Fox TV") hereby submits this supplement to its motion to dismiss in order to address briefly the decision of the United States Court of Appeals for the First Circuit in Educadores Puertorriqueños en Acción v. Hernández, -- F.3d --, 2004 WL 1045546 (1st Cir. 2004), issued on May 10, 2004.[1] In Educadores, the First Circuit held that, in considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), there are no heightened pleading requirements for civil rights claims brought pursuant to 42 U.S.C. § 1983. 2004 WL 1045546 at *5.

However, the First Circuit did not dismiss its concerns, expressed in prior decisions, about the potential for misuse of § 1983 claims:

> Historically, this court has expressed concern about the use of skeletal pleadings in civil rights cases. Our concern was prompted in part by a fear that so loose a structure might needlessly embroil officials in contrived litigation, in part by worries that it might facilitate widespread misuse of section 1983, and in part by the desire not to erode the salutary protections afforded by the doctrine of qualified immunity.

Id. at *2. Instead, the Court held that these concerns should be addressed, among other avenues, through proper enforcement of the pleading requirements of Fed. R. Civ. P. 8(a)(2), and the standards for motions to dismiss under Fed. R. Civ. P. 12(b)(6):

> We hasten to add that the demise of our traditional heightened pleading standard does not leave ... district courts at the mercy of overly aggressive plaintiffs. ...
> ...

---

[1] A copy of this decision is attached for the Court's convenience as Exhibit A hereto.

1

> Our decision here should not be read as an abandonment of our oft-quoted statement that "notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger." ... Two points come readily to mind.
> ...
> First, ... in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally. ...
> ...
> Second, in considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets.

Id. at *5-*6 (internal citations and quotation marks omitted).

As discussed in Fox TV's Memorandum in Support of its Motion to Dismiss, the Plaintiff has failed to allege the minimal facts necessary to support the existence of a conspiratorial agreement involving Fox TV under § 1983; the "who, what, whom, when, where and why" required by the First Circuit are absent. See Memorandum, p. 19. Fox TV, in its brief, has not relied upon First Circuit decisions applying a heightened pleading standard, but upon cases stating that bald and conclusory allegations are not enough to support a § 1983 conspiracy claim. Id., pp. 18-19. This Court need not rely upon a heightened pleading standard to dismiss the Plaintiff's § 1983 claims in this case. Under the Court's analysis in Educadores, the Plaintiff's § 1983 claims (in particular, his § 1983 conspiracy claim) remain flawed as a matter of law.

Respectfully submitted,
FOX TELEVISION STATIONS, INC.,
By its attorneys,

Elizabeth A. Ritvo (BBO #421440)
Jeffrey P. Hermes (BBO #637952)
Samantha L. Gerlovin (BBO #652389)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

Dated: May 13, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON 5/13/04

SIGNATURE

2