UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -1  A 11: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BRIAN J. MEUSE, ) | Civil Action No. 04-10255-EFH |
| Plaintiff, ) | |
| v. ) | MOTION OF STF PRODUCTIONS, INC. |
| SUSAN PANE, et al., ) | TO DISMISS COMPLAINT |
| Defendants. ) | |

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant STF Productions, Inc. ("STF") moves for the dismissal of all counts of the Second Amended Verified Complaint ("Complaint") of plaintiff Brian J. Meuse ("Plaintiff" or "Meuse") with respect to STF. For the Court's reference, attached hereto as Exhibit A is a chart summarizing the reasons why each of the Plaintiff's claims must be dismissed against STF; attached as Exhibit B is a chart reproducing the entirety of the allegations of the Complaint referring to STF.

In support of this motion, STF states as follows:

1.  The Plaintiff's allegations against STF arise from the posting of an Internet web page involving the Plaintiff and law enforcement efforts to locate a missing child (the "AMW Poster"), and STF's alleged sponsorship of a television program that displayed a wanted poster of the Plaintiff. STF cannot be held liable on account of the AMW Poster, because it is protected under the fair report privilege for news reports of government activity. Similarly, STF is not liable for the mere "sponsorship" of a television show (even if the allegation of such "sponsorship" were true, which it is not). Accordingly, all of the Plaintiff's claims against STF that are based on the AMW Poster must be dismissed.

2.  Furthermore, Counts 1 through 3 of the Complaint (the Plaintiff's claims against STF under 42 U.S.C. § 1983)[1] must be dismissed because the Complaint fails to allege either that

---

[1] Count 4 of the Complaint, which alleges violations of 42 U.S.C. § 1983 for "Refusing or Neglecting to Prevent," is not alleged against STF. Even if Count 4 had been so alleged, it would fail for the same reasons as Counts 1 – 3.

STF acted under color of state law, or that it caused any deprivation of a right secured by the Constitution or laws.

3. Counts 5 through 10 and 13 of the Complaint, which allege a variety of state law causes of action, must also be dismissed because the Plaintiff has admitted that the AMW Poster was not the cause of the alleged injuries on which those claims are based. Similarly, to the extent that Count 12 of the Complaint (for defamation) is based on an allegation that STF sponsored a third-party broadcast about the Plaintiff, that claim must be dismissed because mere sponsorship does not create responsibility for the content of a broadcast.

4. Counts 3 and 11 of the Complaint, the Plaintiff's conspiracy claims under § 1983 and Massachusetts law, must also be dismissed because the Plaintiff has failed to plead facts to support the existence of a conspiracy involving STF that would render STF liable for the other defendants' actions.

5. Dismissal is particularly warranted in this case in order to protect the First Amendment rights of the media and the strong public interest in supporting media participation in efforts to locate missing children; these efforts would be chilled if STF were subject to costly discovery in a meritless case.

6. In further support of this motion, STF relies on its memorandum in support of this motion, filed herewith.

WHEREFORE, defendant STF Productions, Inc., respectfully requests that this Court dismiss all counts of the Complaint against it.

## REQUEST FOR ORAL ARGUMENT

Defendant STF Productions, Inc., respectfully requests oral argument on this motion, in the belief that oral argument may assist the Court in resolving the issues raised in this motion.

> Respectfully submitted,
>
> STF PRODUCTIONS, INC.,
>
> By its attorneys,
>
> /s/ Elizabeth A. Ritvo
> Elizabeth A. Ritvo (BBO #421440)
> Jeffrey P. Hermes (BBO #637952)
> Samantha L. Gerlovin (BBO #652389)
> Brown Rudnick Berlack Israels LLP
> One Financial Center
> Boston, MA  02111
> (617) 856-8200

Dated: June 1, 2004

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

I hereby certify that I contacted plaintiff's counsel regarding the above motion, but was unable to narrow the issues raised in this motion.

/s/ Jeffrey P. Hermes

#1276983 v\1 - hermesjp - rdbr01!.doc - 24273/1

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON 6/1/04

SIGNATURE