# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIAN J. MEUSE,
                Plaintiff

        v.                                  CIVIL ACTION NO.:
                                                   04-10255-EFH

SUSAN PANE, ET AL.,
                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

June 9, 2004

HARRINGTON, S.D.J.

    The Plaintiff Brian Meuse ("Meuse") filed a thirteen count amended complaint against twelve defendants alleging violations of various federal and state laws. One of the defendants – Fox Television Stations, Inc. ("Fox") – filed a motion to dismiss. The motion is granted in part.

I.    BACKGROUND

    During 2000, the Haverhill Police and the Federal Bureau of Investigation began investigating Meuse for kidnapping his daughter in violation of Mass.Gen.L. ch. 256, § 26A. In the course of the investigation, Meuse alleges that Fox broadcast false information about him when it aired a copy of an FBI "wanted" poster and an interview with the head of the FBI's Boston office. Meuse was eventually arrested, tried and acquitted of kidnapping in a Massachusetts state court. Shortly after his acquittal, Meuse brought this action against numerous federal and state officials involved in his arrest and prosecution, as well as several

private entities, including Fox. Meuse's amended complaint includes four federal counts captioned as Section 1983 violations, but only the first three pertain to Fox. The amended complaint also contains numerous state law claims, including malicious prosecution, abuse of process, a violation of the Massachusetts Civil Rights Act, false arrest and imprisonment, assault, battery, conspiracy, defamation, and intentional infliction of emotional distress. Now pending is Fox's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

II.     DISCUSSION

When considering a motion to dismiss, this Court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002).

Meuse's three federal counts against Fox actually come in two varieties, despite the fact that they are all captioned as Section 1983 actions. In addition to alleging Section 1983 violations, the text of the federal counts refer to violations of the Fifth and Fourteenth Amendments of the United States Constitution, which the Court reads to be claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between Bivens claims and Section 1983 claims is particularly significant in this case.

In a Section 1983 action, a plaintiff can only sue a defendant that acted "under color of state law." Logiodice v. Trustees of Me. Cent. Inst., 296 F.3d 22, 26 (1st Cir. 2002) (emphasis supplied). This means that Section 1983 "rarely" provides a cause of action against private entities. Destek Group, Inc. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 39 (1st Cir. 2003). The rare instances when a private entity can be sued under Section 1983 arise "[o]nly

when a private individual's conduct can be deemed 'fairly attributable to the State' . . . ." Id. at 40 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  In short, a Section 1983 action against a private entity requires at least some connection between the private entity and the state.  See Gerena v. P.R. Legal Servs., Inc., 697 F.2d 447, 449 (1st Cir. 1983).

In this case, Meuse alleges that Fox was cooperating intimately with the FBI.  As evidence of this cooperation, Meuse points to Fox's broadcast of the FBI "wanted" poster and the interview with the FBI agent.  These allegations do not amount to a Section 1983 violation because the FBI is an arm of the federal government, not a state government.  See Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001) (stating that "[Section] 1983 cannot form the basis of an action against individuals acting under color of federal law").  Meuse has not alleged that Fox cooperated closely with any state authorities.  In fact, the evidence recited in Muese's complaint is to the contrary.  A Haverhill police detective, who is also a defendant in this suit, testified at Meuse's criminal trial that he was not responsible for the poster or for the Fox broadcasts.  According to the detective, "the FBI set that up."  In short, even if Fox was in cahoots with the FBI, as Meuse alleges, his Section 1983 claims against Fox must be dismissed because "Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law." Chatman v. D.E. Hernandez, 805 F.2d 453, 455 (1st Cir.1986).

Nor can Meuse assert a Bivens claim against Fox.  Unlike Section 1983 actions, a Bivens claim is simply not available against a private entity even if that entity is acting under color of federal law.  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001); see also Stoutt v. Banco Popular de P.R., 320 F.3d 26, 33 (1st Cir. 2003) ("The Supreme Court has . . . limited Bivens actions by refusing to extend them to private entities acting under color of federal law."); Fletcher

v. R.I. Hosp. Trust Nat'l Bank, 496 F.2d 927, 932 n.8 (1st Cir.1974) ("[T]here is no cause of action against private parties acting under color of federal law or custom."), cert. denied, 419 U.S. 1001 (1974).

III.    CONCLUSION

Meuse cannot maintain a Section 1983 action against Fox because the complaint alleges cooperation between Fox and a federal, rather than a state, agency. In addition, Meuse cannot maintain a Bivens action against Fox because such actions are not available against a private entity acting under color of federal law. Accordingly, Meuse's federal claims against Fox are dismissed. Having dismissed Meuse's federal claims against Fox, this Court declines to exercise supplemental jurisdiction over his state law claims against Fox. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"). As the Supreme Court has explained, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. Meuse's state law claims against Fox are remanded to state court.

　　　　SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Edward F. Harrington
　　　　　　　　　　　　　　　　　　　　　　　　EDWARD F. HARRINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States Senior District Judge