UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br>                    Plaintiff,<br><br>v.<br><br>SUSAN PANE, ROSALYN STULTS,<br>LT. DETECTIVE DANIEL R. MOYNIHAN,<br>in his official and individual capacities,<br>CAPTAIN DONALD THOMPSON, in his official<br>and individual capacities, CITY OF HAVERHILL,<br>MASSACHUSETTS, LOUIS FREE, in his official<br>Capacity, CHARLES S. PROUTY, in his official<br>and individual capacities, FOX TELEVISION<br>STATIONS, INC., STF PRODUCTIONS, INC.,<br>NATIONAL CENTER FOR MISSING AND<br>EXPLOITED CHILDREN, WAL-MART<br>STORES, INC.,<br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  04CV10255EFH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN'S
MOTION TO DISMISS THE PLAINTIFF'S FEDERAL CLAIMS**

The Defendant National Center for Missing and Exploited Children ("NCMEC") hereby

moves to dismiss the Plaintiff's § 1983 and Bivens claims against it for the reasons set forth

below and in this Court's Memorandum and Order dated June 9, 2004 (the "Memorandum and

Order") dismissing the same claims against the media defendants, STF Productions, Inc. ("STF")

and Fox Television Stations, Inc. ("FOX").  In support of this Motion, NCMEC states the

following:

## FACTUAL BACKGROUND

The Plaintiff Brian J. Meuse ("Plaintiff") has filed a fifty-seven (57) page, single spaced Complaint against twelve (12) defendants, including NCMEC, for various state law claims[1], as well as a variety of alleged violations of 42 U.S.C. § 1983, including: arrest (Count 1); detention and confinement (Count 2); conspiracy (Count 3); refusing or neglecting to prevent (improper supervision of police officers)(Count 4).  The § 1983 claims set forth in Counts 1 through 4 are the only federal law claims in this litigation.

As to the specific factual claims against NCMEC, only sixteen (16) of the five hundred and twenty-one (521) numbered paragraphs specifically refer to NCMEC.  Despite the magnitude of the Complaint, however, the Plaintiff fails to even minimally identify for his § 1983 claims the alleged legal status of NCMEC, the role it played in the prosecution of, and alleged injury to, the Plaintiff, or the basis for Plaintiff's allegation that NCMEC is legally liable to the Plaintiff when, at most, it published factual information provided by the FBI concerning warrants for Mr. Meuse's arrest.  Specifically, as to NCMEC, the Complaint alleges the following:

¶ 14: "National Center for Missing and Exploited Children, Wang International Children's Bldg., 699 Prince St., Alexandria, VA 22314-3175.  NCMEC and Wal-Mart are partners."

¶15:    "…Wal-Mart is a 'Premiere Partner' of NCMEC."

---

[1] The state law claims include malicious prosecution (Count 5) , abuse of process (Count 6), violations of the Massachusetts Civil Rights Act, Mass. Gen. Laws, ch. 12, § 11I (Count 7), false arrest and imprisonment (Count 8), assault (Count 9), battery (Count 10), conspiracy (Count 11), defamation (Count 12), and intentional infliction of emotional distress (Count 13).  Many of the Counts do not differentiate between the "Defendants" or otherwise put NCMEC on notice of the specific claims made against it.

¶ 298: "Between October 2000 and 22 March 2001, Pane had about 50 conversations with different organizations: (a) National Center for Missing and Exploited Children, (b) Voice for the Children, (c) a California-based organization."

¶ 299: "Pane provided organizations current pictures, height, weight, skin color, sufficient information so that the organizations could put together a package, including a poster, for distribution."

¶ 300: "Pane had 500 posters made at a time, provided them to the NCMEC in the very beginning of October, 2000, distributed them throughout many states, and hung them in laundromats, grocery stores, other stores, hotels, gas stations in Massachusetts generally, the Haverhill and Methuen areas in particular, and in many, many towns in New York."

¶ 306: "The poster by National Center for Missing and Exploited Children ["NCMEC"] names Meuse as an 'abductor' and November 6, 2000, as the date when Meuse allegedly fled unlawfully to avoid prosecution."

¶ 307: "Moynihan denied having anything to do with the information written on the NCMEC poster…"

¶ 419: "The FBI coordinated activities with the National Center for Missing and Exploited Children with the intent to broadcast nationwide the poster of Meuse and Marissa."

¶ 420: "On 10 February 2001, FoxNews broadcast the FBI/NCMEC Missing/Abductor poster."

¶ 421: "On Friday 16 February 2001, American Broadcasting Company's ['ABC's'] Sally Jessy Raphael's show broadcast a different version of the FBI/NCMEC Missing/Abductor poster. It read "Family Abduction" rather than "Missing/Abductor.""

BOS_450438_2/WROSEBUSH

¶ 422: "Beginning on or around 10 February 2001, FOX TV's America's Most Wanted show displayed the FBI/NCMEC Missing/Abductor poster on its website [see above] and that poster exists on the website to date."

¶ 429: "FoxNews, the Haverhill police department, Thompson, Moynihan, Stults, Prouty, NCMEC, and Pane misrepresented that Meuse was a fleeing felon."

¶ 495: "FoxNews, Prouty, Wal-Mart, NCMEC, AMW, Moynihan, and Susan misrepresented that Meuse was a fleeing felon."

¶ 496: "Wal-Mart sponsored NCMEC and the America's Most Wanted segments in which the poster against Meuse was used."

¶ 508: "The 'My Child Has Been Stolen' episode [of the Sally Jessy Raphael show] was sponsored by NCMEC and America's Most Wanted."

¶ 509: "The Wanted poster was displayed two times and read, 'Family Abduction.' [sic] portrayed Meuse and the child, and instructed viewers to call 1-800-The-Lost upon seeing Meuse and/or the child."

The remaining five hundred and five (505) paragraphs contain a myriad of allegations, which are completely unrelated to NCMEC or which pertain to the "Defendants" without any specificity.  Additionally, the relevance of the detailed allegations to the Plaintiff's claims or demands for relief against NCMEC is unclear.  Those allegations include excruciatingly detailed accounts of: Defendant Susan Pane's alleged drug use, work history and pregnancy; recitations of trial testimony from Meuse's criminal trial with citations to the trial transcript; references to cases and other legal and non-legal materials in support of the allegations; details of the child's alleged medical and developmental delays; and various alleged acts and omissions by the law

BOS_450438_2/WROSEBUSH

enforcement defendants.  None of this information is pertinent to the § 1983 claims made by the Plaintiff against NCMEC.

## ARGUMENT

On or about June 9, 2004, this Court granted STF's and Fox's Motions to Dismiss as to the Plaintiff's federal claims, noting that the federal claims, captioned as § 1983 actions, also sounded as Bivens actions since the alleged violations of the Fifth and Fourteenth Amendments. The Court found that the Plaintiff could not maintain a § 1983 claim because the complaint only alleged cooperation between the Defendants and the FBI, a federal (not state) agency. Furthermore, the Court found that a Bivens claim was not cognizable because such actions may not be maintained against a private entity acting under color of federal law.  For the same reasons, the federal claims (Counts 1 through 4) against NCMEC should be dismissed with prejudice, and the Court should decline to exercise supplemental jurisdiction over the Plaintiff's state law claims (Counts 5 through 13) against NCMEC, dismissing those Counts without prejudice.

NCMEC is a private entity.   Similarly, Pane is a non-governmental individual. Therefore, none of NCMEC's or Pane's activities together or separately to produce the posters at issue may be said to have occurred "under color of state law."   The Plaintiff, however, alleges that NCMEC's actions can be construed "under color of state law" because "[t]he FBI coordinated activities with the National Center for Missing and Exploited Children with the intent to broadcast nationwide the poster of Meuse and Marissa." Complaint, ¶ 419. *Beyond this, there are no other allegations specific to NCMEC about any connection with or control by a governmental agency of the state.*

BOS_450438_2/WROSEBUSH

As the Court stated in its Memorandum and Order, "a Section 1983 action against a private entity requires at least some connection between the private entity and the state." Memorandum and Order, p. 3, citing Gerena v. P.R. Legal Servs., Inc., 697 F.2d 447, 449 (1st Cir. 1983). Thus, the Plaintiff's allegations as to NCMEC "do not amount to a Section 1983 violation because the FBI is an arm of the federal government, not a state government." Memorandum and Order, p. 3, citing Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001). Because the Plaintiff cannot make out a § 1983 claim, even viewing all facts in the light most favorable to the Plaintiff, his § 1983 claims (Counts 1 through 4) should be dismissed with prejudice.

In addition, for the reasons set forth in the Court's Memorandum and Order, a Bivens claim cannot be maintained against NCMEC, a private entity, because such a claim "is simply not available against a private entity even if that entity is acting under color of federal law." Memorandum and Order, p. 3, citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001); Stoutt v. Banco Popular de P.R., 320 F.3d 26, 33 (1st Cir. 2003); Fletcher v. R.I. Hosp. Trust Nat'l Bank, 496 F.2d 927, 932 n. 8 (1st Cir. 1974), cert. denied, 419 U.S. 1001 (1974). Therefore, to the extent the Plaintiff's Complaint attempts to articulate a Bivens claim, those claims should also be dismissed.

## CONCLUSION

For the aforementioned reasons, including this Court's ruling as to STF's and Fox's Motions to Dismiss, the Plaintiff's federal claims (Counts 1 through 4) against NCMEC should be dismissed with prejudice. In addition, the Court should decline to exercise supplemental jurisdiction over the state law claims (Counts 5 through 13) and dismiss those claims without prejudice for refiling in the state court of proper jurisdiction and venue.

    BOS_450438_2/WROSEBUSH

NATIONAL CENTER FOR MISSING AND

EXPLOITED CHILDREN
By its attorneys,


___/s/ Windy L. Rosebush_____
Timothy P. Van Dyck (BBO# 548347)
Windy L. Rosebush (BBO# 636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

Date: June 28, 2004


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Windy L. Rosebush, hereby certify that on this 28th day of June, 2004 I conferred with counsel for the Plaintiff, Barbara C. Johnson, regarding the Defendant's Motion to Dismiss in an effort to narrow the issues presented therein.

_____/s/ Windy L. Rosebush_____
Windy L. Rosebush


## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on this 28th day of June, 2004, I caused a copy of the foregoing document to be served upon all parties of record by filing the same electronically, thereby serving counsel of record registered for electronic service, or by first class mail, postage pre-paid on June 29, 2004 to any counsel not so registered.

_____/s/ Windy L. Rosebush_____
Windy L. Rosebush

BOS_450438_2/WROSEBUSH