UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br>Plaintiff,<br><br>v.<br><br>SUSAN PANE, et al.,<br>Defendants. | Civil Action No. 04-10255-EFH<br><br>OPPOSITION OF STF PRODUCTIONS, INC.,<br>TO MOTION TO RECONSIDER<br>ORDER ON MOTION TO DISMISS,<br>AND MEMORANDUM IN SUPPORT |

Defendant STF Productions, Inc. ("STF") hereby opposes the motion of the plaintiff, Brian J. Meuse ("Plaintiff" or "Meuse"), for reconsideration of this Court's order of June 9, 2004, dismissing Plaintiff's federal causes of action with respect to STF and remanding his state law claims to state court (the "Order"). Among other errors, Plaintiff's motion calls upon this Court to disregard controlling rulings of the U.S. Supreme Court and the U.S. Court of Appeals for the First Circuit in favor of earlier conflicting decisions from the federal circuits. In fact, there is no reason to disturb this Court's reasoned Order dismissing the federal claims against STF, and Plaintiff's motion should be denied.

## DISCUSSION

I. THIS COURT PROPERLY RULED THAT STF'S PUBLICATION OF GOVERNMENTAL ACTIVITY WAS NOT ACTIONABLE UNDER 42 U.S.C. § 1983.

As this Court acknowledged in the Order, Plaintiff has attempted to hold STF liable for actions allegedly taken under color of state law pursuant to 42 U.S.C. § 1983. The Court properly found that Plaintiff had failed to state a claim under that statute, and Plaintiff provides no basis now to challenge the Court's conclusions on this issue.

1

A.  STF Did Not Become a State Actor by Reporting on Government Activity.

Finding no evidence of state action by STF, the Court properly dismissed Plaintiff's § 1983 claims. Even accepting as true, for the purposes of a motion to dismiss, Plaintiff's claim of cooperation between the FBI and STF, the Court found that these allegations at best concern a claim of actions under color of federal, and not state, law. As the Court noted,

> These allegations [i.e., the broadcast of the FBI "wanted" poster and the interview with the FBI agent] do not amount to a Section 1983 violation because the FBI is an arm of the federal government, not a state government ... Meuse has not alleged that Fox cooperated closely with any state authorities. In fact, the evidence cited in Meuse's complaint is to the contrary. [Order, p. 3]

Nor could Plaintiff legitimately make such allegations. While Plaintiff appears to suggest that, by publishing certain posters concerning him, STF was performing a function "traditionally and exclusively performed by the government," see Motion to Reconsider, p. 3, ¶ 15, STF required no delegation of authority to publish statements about government activity. Rather, that authority arose out of STF's own First Amendment rights, which are fully protected by the fair report privilege (as discussed at length in STF's Memorandum in Support of its original Motion to Dismiss, at pp. 3-10). As previously argued by STF, the fact that STF's statements might have been of assistance to state authorities neither abrogates the privilege, nor transforms STF into a state actor. See STF Memo. in Support of Motion to Dismiss, pp. 10-12. Accordingly, Plaintiff's argument fails.[1]

---

[1] In his motion, Plaintiff relies heavily on "inferences" of fact not appearing in the Complaint. See Motion to Reconsider, pp. 6-7. In order for an inference to be justified, it must be a logical extrapolation from the circumstances proven. Computer Identics Corp. v. Southern Pac. Co., 756 F.2d 200, 204 (1st Cir. 1985) ("Inference is the process of reasoning by which a fact or proposition sought to be established is deduced as a logical consequence from other facts, or a state of facts, already proved or admitted."). The allegation that STF published statements concerning Plaintiff in no way supports an inference that STF was cooperating with state government, or required a delegation of any authority, let alone state authority, in order to publish.

B.  Contrary to False Statements Submitted by Plaintiff and His Counsel Under Oath, the FBI was Acting Pursuant to a Federal Warrant Issued for Plaintiff's Arrest.

More troubling is Plaintiff's assertion, repeated from his original Opposition to STF's Motion to Dismiss (q.v., p. 7) and his Second Amended Verified Complaint (the "Complaint") (q.v., ¶ 425(b)), that "there was ... no unlawful flight warrant – at least, it has never been seen by anyone known to be involved in the Meuse case anywhere from Massachusetts to Oklahoma[.]" See Motion to Reconsider, p. 3. Plaintiff relies upon this assertion for the patently unfounded legal propositions that, in the absence of a federal warrant, the FBI must have been acting under color of state law, and that STF, by allegedly assisting the FBI, must also have been acting under color of state law. However, it is axiomatic that the FBI acts under color of federal law pursuant to its own enabling statutes (see 28 U.S.C. §§ 531 et seq.), irrespective of the particular underlying crimes at issue.[2]

But even if the nature of the FBI's authority somehow depended on the origin of the charges in question, a proposition which STF rejects, the simple fact is that the federal warrant for Plaintiff's arrest does exist and is on public file with the clerk's office of this Court. A certified copy of the federal criminal complaint, affidavit and warrant are attached hereto as Exhibit A for the Court's review.[3] Thus, there is, and can be, no basis in fact for Plaintiff's claim that the FBI acted under color of state law in the absence of a federal warrant. In fact, the

---

[2] Plaintiff departs from the relevant standard of review on a motion to dismiss when, instead of relying upon allegations of his Complaint, he cites to the absence of allegations by the defendants that the FBI acted under federal law. See Motion to Reconsider, p. 2. Naturally, when the defendants have not yet been required to plead in the case, they have yet either to assert formally any affirmative facts or to deny Plaintiff's allegations. Such "non-allegations" cannot cure the defects in the Complaint. Moreover, the assertion that the FBI has never asserted a federal law basis for its actions is untrue, as discussed below.

[3] STF requests that the Court take judicial notice of its own dockets with respect to the existence of the federal warrant for Meuse's arrest. Moreover, in considering a motion to dismiss, the Court is entitled to review the warrant as a document central to Plaintiff's allegations. See, e.g., Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1016 (1st Cir. 1988) (under Fed.R.Civ.P. 12(b), a document not appended to the complaint, which was nevertheless "absolutely central," could be considered on a motion to dismiss without transforming the motion to one under Rule 56); Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995) (when agreement is not appended but nonetheless "integral" to complaint, Court may consider it in connection with Rule 12(b) motion).

3

affidavit in support of the federal criminal complaint expressly states that the FBI is investigating a charge of unlawful flight to avoid prosecution under 18 U.S.C. § 1073, which is a federal crime. See Ex. A, p. 4, ¶ 4.

In these circumstances, it is of concern that counsel for Plaintiff has twice seen fit to verify under oath the representation to the Court that there was no federal warrant, when the barest factual research would have revealed the existence of this document. See Opposition to STF Motion to Dismiss, p. 20; Motion to Reconsider, p. 21. In sum, Plaintiff's argument that the FBI was a state actor is without merit, and thus his argument that STF became a state actor, by publishing certain posters concerning Plaintiff and thus allegedly cooperating with the FBI, is likewise without merit and should be disregarded.

II.   THIS COURT PROPERLY RULED THAT PLAINTIFF FAILED TO STATE A CLAIM AGAINST STF FOR ACTIONS UNDER COLOR OF FEDERAL LAW.

Plaintiff has also failed to state a claim against STF under Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971) for violations under color of federal, as opposed to state, law. The majority of Plaintiff's Motion to Reconsider (including, but not limited to, pp. 7-20 of that document) is devoted to the argument that a Bivens claim can be asserted against a private corporation such as STF for actions under color of federal law. As this Court correctly recognized in the Order, such a claim is precluded by the clear ruling of the United States Supreme Court in Correctional Services Corp. v. Malesko, 543 U.S. 61 (2001), and Plaintiff has presented no reason why this Court should disregard binding precedent.

As noted by this Court, in Malesko, five Supreme Court Justices agreed that the holding of Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971) – which permitted a private action for damages against federal officers alleged to have violated a citizen's constitutional rights – should not be extended to permit such claims against private corporations.

4

Malesko, 534 U.S. at 66, 75. Plaintiff's attempt to dismiss Malesko as a "3-2-4 decision," see Motion to Reconsider, p. 1 n.1, is a mischaracterization of the Supreme Court's holding. While two of the five Justices in the majority joined in a concurring opinion, those Justices would have moved even further away from Plaintiff's position in this case, and placed additional limitations on the use of Bivens actions even as against federal officers. Malesko, 534 U.S. at 75. Similarly, Plaintiff's protest, that Malesko departed from earlier case law developed by the federal circuits, see Motion to Reconsider, pp. 13-15, misapprehends the constitutional position of the Supreme Court, and is entitled to no weight.[4]

But even if there were any ambiguity in the Supreme Court's ruling in Malesko, there is none in the decision of the U.S. Court of Appeals for the First Circuit in Stoutt v. Banco Popular de Puerto Rico, 320 F.3d 26, 33 (1st Cir. 2003). Stoutt involved an individual's claim of a deprivation of federal rights against a private bank, after the bank supplied information regarding the plaintiff to the federal government. The First Circuit noted that "*Bivens* actions are normally brought against government officers – not banks." Id. at 33. The court then stated that "[t]he Supreme Court has already limited *Bivens* actions by refusing to extend them to private entities acting under color of federal law." Id. at 33, *citing* Malesko, 534 U.S. at 66. The First Circuit noted that the bank's connection with the plaintiff's arrest in Stoutt was "even more attenuated" than the defendant's connection to the plaintiff's alleged deprivation of rights in Malesko. Stoutt, 320 F.3d at 33.

---

[4] While the Supreme Court did reserve for the future the question of whether private *individuals* could be subject to a Bivens action, see Malesko at 65, that issue is not present in this case. This Court should reject Plaintiff's effort to treat private corporations in the same manner as private individuals, as that argument fails to recognize the precise distinction made in Malesko. As here relevant, Plaintiff himself has acknowledged that his purported claims arise from the alleged actions of the corporate defendants, and not those of their individual employees. See Motion to Reconsider, p. 10 n.17.

5

Here, the connection of STF to the deprivation of federal rights alleged by Meuse is yet another step removed, even from the circumstances of Stoutt (especially given Plaintiff's admission that it was not any action by STF that caused a deprivation of his constitutional rights, see Complaint, ¶¶ 382-83). Thus, any causes of action against STF allegedly arising from the holding of Bivens were properly dismissed by this Court.

III. DISMISSAL IS ALSO APPROPRIATE FOR THE REASONS ADVANCED BY STF IN ITS ORIGINAL MOTION TO DISMISS.

Even were this Court to reconsider the Order, Plaintiff's federal claims should be dismissed on the alternative grounds asserted by STF in its Motion to Dismiss (including the privileged nature of STF's publication as a fair report of governmental activity, the absence of state action, and the absence of any deprivation of a constitutional right, see STF Memo. in Support of Motion to Dismiss, pp. 3-12). Accordingly, STF incorporates those arguments by reference herein.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to reconsider this Court's dismissal of the federal claims against STF should be DENIED, as Plaintiff has failed to show that he pled either a claim under 42 U.S.C. § 1983 or a Bivens claim.

Respectfully submitted,
STF PRODUCTIONS, INC.,
By its attorneys,

Elizabeth A. Ritvo (BBO #421440)
Jeffrey P. Hermes (BBO #637952)
Samantha L. Gerlovin (BBO #652389)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: July 1, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON 7/1/04

SIGNATURE