TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Case 1:04-cv-10255-EFH   Document 75   Filed 07/06/2004   Page 1 of 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,
Rosalyn Stults,
Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly**, in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

### MEUSE'S REPLY TO OPPOSITION OF STF AND FOX
### TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
### TO OPPOSITION OF STF AND FOX
### TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Now comes Plaintiff Brian J. Meuse ["Meuse"] and replies to the opposition by Defendants STF Productions, Inc. ["STF/AMW" or "STF"] and Fox Television Stations, Inc. ["FOX"] to Meuse's motion for leave to file reply to opposition to his motion to reconsider the dismissal of the federal claims against STF and FOX.

As grounds for this reply to STF and FOX's opposition, Meuse states that STF and FOX's iterations of the facts are misleading and their complaints unfounded.

STF and FOX TV complain that Meuse's counsel did not make three Rule 7.1 phonecalls to narrow the issues. That is 100 percent true.

- **Paper 55, Motion to Reconsider**, was electronically filed on a Saturday night, 6/19/2004 at 11:38 P.M. None of the three Brown Rudnick counsel was in the office. Meuse's counsel does not recall, now several weeks later, whether they were at their phones on Friday. Because the claims against their clients had just been dismissed, it is

1

MEUSE'S REPLY TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Case 1:04-cv-10255-EFH    Document 75    Filed 07/08/2004    Page 2 of 7

unlikely they would have been willing to narrow the issues of the motion to reconsider.

- **Paper 57, Motion to Stay the Remand of the State Claims**, was filed on Sunday, 6/20/2004 at 1:47 A.M. They still had not returned to the BRBI office. It was smack in the middle of the weekend. Meuse's counsel, Johnson, recognized the error – the remand part of the order – but had received a phone call – around the 10th or the 11th of the month, immediately after the Order issued -- from the clerk, Sandra Holahan, saying she immediately needed copies of the pleadings to send to the state court. Which court was a mystery to counsel, but someone wanted those papers. Johnson believed that there would be no possibility of getting the order reconsidered if Holahan sent the papers to "any" state court. Two things became critical: to tactfully stop Holahan and to write and file ASAP the Motion to Reconsider, a Motion to Stay, and a Notice of Appeal – even if it were premature. Those were the tasks uppermost in Johnson's mind, not making a Rule 7.1 phonecall that would have been futile and would have been rebuffed. The ""law does not require the doing of a useless act." Loomer v. Dionne, 338 Mass. 348, 353 (1959), citing Mowry's Case, 112 Mass. 394, 400, and Schayer v. Commonwealth Loan Co., 163 Mass. 322, 323-324 (1895).

- **Paper 62, Reply to Response to Motion re [55] Motion for Reconsideration** was electronically filed on Monday, 7/5/2004, around 5:28 P.M. Defense counsel were still celebrating the holiday.

In sum, all three pleadings were written and electronically filed at times when defense counsel were unavailable to be responsive to a Rule 7.1 phonecall.

After receiving their opposition to the motion to reply, on Wednesday, 7/7/2004, a day when one of the counsel could be expected to be in the office, Meuse's counsel placed a Rule 7.1 call about her intended Motion to Strike. Instead, she changed her mind and began writing this reply and the Motion for Leave to File a Reply to their opposition. In the meantime, Meuse's counsel received an email from Attorney Hermes, the "point" man for the troika, opposing the Motion to Strike. It comes as no surprise that the Rule 7.1 phonecall has not yielded any narrowing of the issues: In Meuse's reply, also, there was no issue about which defense counsel would have agreed with Meuse's counsel.

**THE ISSUES RAISED IN THE STF/FOX OPPOSITION**

    1.    **The Rule 7.1 issue.** Defense counsel seek, as mentioned above, the reply brief stricken because they were embarrassed . . . embarrassed because they obviously did not check

2

MEUSE'S REPLY TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Case 1:04-cv-10255-EFH    Document 75    Filed 07/08/2004    Page 3 of 7

carefully with their own clients or with the FBI about the facts surrounding both the affidavit and the UNsigned warrant that the three defense counsel attached to their opposition to Meuse's motion to reconsider.

Defense counsel were likely snookered by unforthright clients and by one or more former members of the corrupted Boston FBI office.  Given that defense counsel are from the firm seeking literally billions of dollars for the tobacco-case win, the inclusion of clearly fabricated documents in Exhibit A to their opposition cannot be chucked off to naïveté.  The defense counsel are amongst the best-educated, sophisticated, and competent attorneys in the business.  Meuse's counsel believes that their youth and their very responsible positions in such a prestigious litigation department breed overconfidence and carelessness – the "I cannot-be-wrong.  Look-at-who-and-where-I-am" syndrome.

In contrast, Meuse's counsel is old and short and fat and has learned that she must work extremely hard for many long hours to get her client's righteous positions recognized and respected.  Like E. F. Hutton, Meuse's counsel at her age knows that she must earn the respect that these youngsters take for granted they have.

So it was an embarrassing experience for them to have their clients' and the FBI's fingers found caught in the proverbial cookie jar.   And like many children, they make up some cockamamey excuse for their wrongdoing.  Their excuse was based on Rule 7.1, one of the most foolish rules on the books, a rule which should never have passed the muster of any Rules Committee.  Meuse's counsel always receives a 7.1 phonecall five minutes before any motion is sent out the door.  After thousands of dollars of expensive legal services have been expended, it is not at all likely that the caller is ever going to change his or her position, miss a deadline, and expend more thousands of dollars for lawyers to rewrite the already manicured legal brief.  And it is not at all likely that the recipient of the phonecall is ever going to find opposing counsel that persuasive in

3

MEUSE'S REPLY TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Case 1:04-cv-10255-EFH    Document 75    Filed 07/08/2004    Page 4 of 7

three minutes that he or she will agree with opposing counsel without ever seeing the motion.

What Meuse's counsel has described is reality. If courts and counsel would become accustomed to paying attention to and operating in accordance with reality, the log jam in courts would disappear, tort reform would not be on the horizon, and the legal profession and perhaps the judiciary would have more respect from the public.

Meuse's counsel suggests that of the few recent briefs she has filed with this court, the one that is most persuasive and compelling to show that the defendants were **state** actors and **not federal** actors is Meuse's opposition to the motion to dismiss filed by the National Center for Missing and Exploited Children ["NCMEC"]. ***There simply was NO federal law under which STF/AMW and FOX TV and Wal-Mart and NCMEC and the FBI were operating.*** *They were all assisting the local Haverhill Police Department find and capture Meuse. No more, no less.*

2. **The False and Unfounded Accusation that Meuse's Reply Brief was Improper and Raises No Colorable Issue**. Like the Katzenjammer Kids, the troika of defense counsel brought the reply on themselves. They decided to introduce documents heretofore unseen.[1]/ Meuse had the absolute right to address those documents in his reply, and he did in a forthright manner. His counsel researched the available court records, attached the two relevant ones to his reply, and pointed out directly the truth of what was contained in them and the truth of what was not in them. Meuse's counsel identified the source and the basis of her duly diligent research and her reasonable conclusions therefrom.

The troika called this "speculation." No, Meuse's conclusions were from ***deduction***. Unfortunately, deduction seldom enters court records because all-too-many attorneys, like those in the

---

[1] Ironically, the deadline for voluntary discovery was June 30th. Because the federal claims against STF/AMW and FOX TV had been dismissed, no voluntary discovery had been made by those particular defendants prior to the filing and serving of their opposition to Meuse's motion to reconsider. In contrast, in case the order is vacated, Meuse has produced voluminous documents (so far, six sets of documents) to all the defendants, including STF and FOX.

4

troika, do not check their facts before they speak or write, causing them to lack the source material from which to deduce or draw a reliable conclusion. Here, the troika's accusation of "speculation" is merely one from sour grapes.

That the troika's scheme was unmasked to reveal an attempt to make a travesty of justice was tragic. Tragic for justice. Tragic that three reputable attorneys wittingly or unwittingly participated in a scheme to perpetrate a fraud against Meuse as well as fraud upon this court. Whose idea the scheme was is unknown to Meuse's counsel. It could have been the clients, it could have been the FBI agents whose Boston office was under attack for corruption,[2]/ it could have been one of the troika. Meuse and his counsel simply do not know; they simply know it had to be the idea of someone in the opposing camp.

3. **STF and FOX's Complaints About the Inclusion of Arguments Involving NCMEC.** Given the close working relationship that all the defendants had with each other, NCMEC's and the FBI agents' involvement was critical. In fact, it was the troika who introduced discussion of the FBI and NCMEC in their opposition. See, for instance, page 3, on which STF and FOX cited 28 U.S.C. §531, which the troika characterized as an enabling statute. That is anything but an enabling statute. It is but one sentence reading, "The Federal Bureau of Investigation is in the Department of Justice." The Historical and Revision Notes to that one-line statute continued, however, for six pages and the focus of those pages was NCMEC. So, for the troika to come now and complain of Meuse discussing NCMEC in his reply brief is **disingenuous**.

---

[2] In October 2000, there were superceding indictments that charged Connolly with obstruction of justice by alerting Bulger to the identity of three gangsters who were trying to provide the FBI with information about Bulger's murders and drug operations. And those three potential informers were murdered after Connolly identified them to Bulger. And that marks the end of Connolly's public relations effort to spin the charges against him. He had been very active and very vocal until then. And it's expected that he'll go to trial in the fall

Gerard O'Neill, "Deal with the Devil," CourtTV, July 2, 2001 (transcript), Journalist and co-author, *Black Mass: The True Story of an Unholy Alliance Between the FBI and the Irish Mob*.

5

MEUSE'S REPLY TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Case 1:04-cv-10255-EFH    Document 75    Filed 07/08/2004    Page 6 of 7

Section §531 was clearly provocative. It provoked Meuse's counsel to search for other references to NCMEC within the code which might be construed as an enabling statute for that entity. There were other references, for instance, the funding statute, but no enabling statute. That which became clear was that NCMEC, despite being identified as a partner to the Department of Justice as well as to other departments, agencies, and bureaus, including the IRS, within the federal government, retained its private, independent character while being enriched by up to $10,000,000 per year from the federal government. But for STF and FOX bringing the subject up, it is unlikely that Meuse's counsel would have delved so deeply into NCMEC's relationships within the federal bureaucracy.

For this, Meuse's counsel thanks the troika. The pieces of the puzzle are fast coming together to form a fascinating picture of the political and business relationships between the parties.

**4.     STF and FOX's Complaints About the Inclusion of Arguments Involving the Docket Sheets for *USA V. Meuse* and *USA V. Alves* and Accusations That Meuse's Counsel Did Not Do the "Barest Factual Research" About the So-called Warrant.**     The Katzenjammer Kids did it again. On the second line from the top on page 4, they called attention to the subject of 18 U.S.C. §1073, the statute setting out the crime of unlawful flight to avoid prosecution. Meuse had every right to discuss this issue fully and he took full advantage of that right. So now the troika yells foul, when, in fact, Meuse hit a home run: he was able to prove not only that the warrant was **UN**signed but that it appeared nowhere in the court records. It was a myth, exactly what Meuse's counsel has always maintained.

**5.     STF and FOX's Complaint About Meuse Discussing *Stoutt v. Banco Popular De Puerto Rico*, 32 F.3d 26 (2003).**     Although the court cited to the Stoutt case in its decision, Meuse's counsel was not inclined to address it in Meuse's motion to reconsider. It would have been superfluous, given the nature and type of argument Meuse made in his memorandum, But

6

MEUSE'S REPLY TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION FOR LEAVE TO FILE REPLY
TO OPPOSITION OF STF AND FOX
TO MEUSE'S MOTION TO RECONSIDER ORDER OF DISMISSAL OF BIVENS CLAIMS

Case 1:04-cv-10255-EFH   Document 75   Filed 07/08/2004   Page 7 of 7

then, in their opposition, STF and FOX devoted half of page 5 and one-quarter of page 6 to the Stoutt case. Given the sheer length and the multiple propositions for which it allegedly supported, Meuse was compelled to deal with that case.

The way Meuse's counsel learned – in Torts 101 -- to distinguish one case from another was to compare the facts in the cases. In this way, Meuse could demonstrate how the holding in one is not applicable to another. So that is exactly what Meuse did: he compared the facts in Stoutt with the facts in Meuse, and because the troika was unhappy with the results of the comparison, they now complain.

**WHEREFORE,** for the reasons stated above, in addition to the legal and factual reasons set forth in this thread of documents, Brian Meuse prays this Court both **(1)** allow his motion to reconsider the dismissal of his federal claims (and the remand of his state claims) against FOX and STF, and **(2)** vacate the dismissal, and **(3)** grant his an award of attorneys fees for having to respond to what was nothing but a very frivolous opposition. If the court grants fees, Meuse's counsel will provide an accounting of the time spent.

|  |  |
|---|---|
| 8 July 2004 | Respectfully submitted,<br>BRIAN J. MEUSE,<br>By his attorney,<br><br>/s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net><br>Barbara C. Johnson, Esq., BBO #549972<br>6 Appletree Lane<br>Andover, MA 01810-4102<br>978-474-0833 |

## AFFIDAVIT

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to myself saying or observing are true, and all other statements are true upon information and belief. Sworn under the pains and penalties of perjury.

|  |  |
|---|---|
| 8 July 2004 | /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net><br>Barbara C. Johnson, Esq., BBO #549972 |