UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**

Defendants

---

### MEUSE'S SECOND but slightly different MOTION FOR COURT TO ISSUE TWO CERTIFICATIONS PURSUANT TO FED.R.CIV.P. 54(b)
### (with affidavit below the motion)

Now comes Brian J. Meuse ["Meuse] and moves this court to issue **TWO** certifications pursuant to Fed. R. Civ. P. 54(b), one to be entered into CA #04-1829 and the other into #04-1979.

As grounds, Meuse states the appellate court requires such a certification or it will dismiss Meuse's appeals for lack of jurisdiction. Meuse received **two orders** to that effect. They are inserted herein this motion below.

As explanation for resubmitting this motion – this time in hand to the court – he states: He entitled his first motion "Motion for Court to Issue Two Certifications Pursuant to Fed.R.Civ.P. 54(B)," however, when he filed it electronically he inadvertently chose from the ECF list the wrong title, to wit, "Certification of Appealability." Until this evening, when researching the problem, his counsel saw that a "Certification of Appealability" is a completely different animal,

1

one with which Meuse's counsel had no familiarity. Meuse does not seek and has never sought a F.R.A.P. Rule 22 "Certification of Appealability." He was seeking merely a certification pursuant to Fed.R.Civ.P. Rule 54(b).

He should have entitled it "Motion for Entry of Judgment," but did not notice that as a choice on the ECF list. "Rule 54(b) of the Federal Rules of Civil Procedure allows the immediate entry of a partial final judgment as to fewer than all the claims in a multi-claim action 'upon an express determination that there is no just reason for delay.'" Quinn v. City of Boston, 325 F.3d 18, 2003.C01.0000116 at ¶26 <http://www.versuslaw.com> (1st Cir. 2003). That is all that Meuse sought, but was denied that certification due to an innocent mistake.

**Order entered into No. 04-1829 of the U.S.C.A. for the First Circuit**

**ORDER OF COURT**
**Entered: September 1, 2004**

Plaintiff-appellant Brian J. Meuse filed a notice of appeal on June 20, 2004 from the memorandum and order entered on June 10, 2004 granting in part the motion to dismiss which was filed by defendant Fox Television Stations, Inc. (docket entry no. 52) in CA No. 04-10255-EFH (D. Mass.).

Because this order does not appear to be an appealable final order and claims against other defendants, specifically Susan Pane, Rosalyn Stults, Daniel R. Moynihan, Donald Thompson, City of Haverhill, Louis Freeh, Charles S. Prouty, Charles P. Kelly and Wal-Mart Stores, Inc., remain pending in the district court, this court may not have jurisdiction to review this appeal absent certification pursuant to Fed. R. Civ. P. 54(b). See 28 U.S.C. §§1291, 1292.

Accordingly, plaintiff-appellant is ordered to show cause, in writing filed by **September 15, 2004**, why the appeal should not be dismissed for lack of jurisdiction. The failure to comply with this order may lead to dismissal of this appeal for lack of diligent prosecution. See Local Rule 3(b).

> By the Court:
> Richard Cushing Donovan, Clerk
> By    JULIE GREGG
>       Appeals Attorney

**Order entered into No. 04-1974 of the U.S.C.A. for the First Circuit**

> **ORDER OF COURT**
> **Entered: September 1, 2004**
>
> Plaintiff-appellant Brian J. Meuse filed a notice of appeal on July 17, 2004 from a series of orders entered in civil action no. 04-10255-EFH (D. Mass.). Specifically plaintiff-appellant challenges (1) an order entered on July 12, 2004 granting a motion to dismiss filed by the National Center; for Missing and Exploited Children (docket entry no. 76); (2) an order entered on July 12, 2004; denying his motion for reconsideration and motion to stay (docket entry no. 77); (3) an order of transfer entered on July 13, 2004 mandating that the state law claims against Fox Television, STF Productions, lnc. and the National Center for Missing and Exploited Children be transferred to the Essex County Superior Court (docket entry no. 79); (4) a memorandum and order entered on June 10, 2004 granting in part a motion to dismiss filed by Fox Television Stations (docket entry no. 52); and (5) an order entered on June 10, 2004 granting in part a motion to dismiss filed by STF Productions (docket entry no.53).
>
> Because these orders do not appear to be an appealable final orders and claims against other defendants, specifically Susan Pane, Rosalyn Stults, Daniel R. Moynihan, Donald Thompson, City of Haverhill, Louis Freeh, Charles S. Prouty, Charles P. Kelly and Wal-Mart Stores, Inc., remain pending in the district court, this court may not have jurisdiction to review this appeal absent certification pursuant to Fed. R.Civ. P. 54(b). See 28 U.S.C.§§ 1291,1292.
>
> Additionally, we note that although the district court entered an Order of Stay on July 20,2004 staying the entire case pending resolution of the instant appeal, the district court did not issue a certification pursuant to Fed. R. Civ. P. 54(b). As a result, it is unclear whether this court has jurisdiction to review this appeal. See Appeal of Licht & Semonoff, 796 F.2d 564, 570, 572 (1st Cir. 1986).
>
> Accordingly, plaintiff-appellant is ordered to show cause, in writing filed by **September 15, 2004,** why the appeal should not be dismissed for lack of jurisdiction. The failure to comply with this order may lead to dismissal of this appeal for lack of diligent prosecution. See Local Rule 3(b).
>
>                                            By the Court:
>                                            Richard Cushing Donovan, Clerk
>                                              By    JULIE GREGG
>                                                      Appeals Attorney

WHEREFORE, Plaintiff prays this court ALLOW this motion for **TWO** certifications pursuant to Fed. R. Civ. P. 54(b), one to be entered into CA #04-1829 and the other into #04-1979.

3

.

                                      Respectfully submitted,
                                      BRIAN J. MEUSE,
                                      By his attorney,

                                      /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>
15 September 2004                  Barbara C. Johnson, Esq., BBO #549972
                                      6 Appletree Lane
                                      Andover, MA 01810-4102
                                      978-474-0833


## AFFIDAVIT

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to myself saying or observing or performing are true, and all other statements are true upon information and belief.

I also depose that the copies of the orders I inserted herein the motion are true and accurate copies of the information contained in the orders sent me by the First Circuit Court of Appeals.

Sworn under the pains and penalties of perjury.

                                      /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>
15 September 2004                  Barbara C. Johnson, Esq., BBO #549972