UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN PANE, et al., ... LOUIS FREEH, in his official capacity, CHARLES S. PROUTY, in his official and individual capacities, CHARLES P. KELLY, in his official and individual capacity,<br><br>Defendants. | Civil Action No. 04-CV-10255-EFH |

**MOTION OF DEFENDANTS FREEH, PROUTY AND KELLY,
TO DISMISS FOR FAILURE TO PROPERLY SERVE THE DEFENDANTS**

The defendants Louis Freeh, Charles S. Prouty, and Charles S. Kelly, through their undersigned counsel, respectfully submit this motion to dismiss the complaint as to these defendants for failure to make proper service upon the these defendants in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

**BACKGROUND**

In this action the plaintiff has sued numerous individuals and organizations, including the former Director of the Federal Bureau of Investigation ("FBI") and two other FBI agents (collectively "FBI defendants") in their official and individual capacities, for civil rights violations and, *inter alia*, false arrest and imprisonment, assault, battery, defamation, and intentional infliction of emotional distress. There is no indication in the papers filed by the plaintiff or in the docket that the plaintiff served a summons and copy of the complaint upon the United States Attorney for the District of Massachusetts or upon the Attorney General of the United States, or that the summons were properly served on the FBI defendants in their

individual capacities. According to the court docket, summons were issued by the Court for all defendants on February 6, 2004, but no return of service of summons to the FBI defendants was ever filed with the Court. It is apparent that no service of a summons or complaint has been made upon the United States Attorney or the Attorney General. The FBI defendants have not waived, and do not waive the requirement of service of process.

## ARGUMENT

### THE COURT SHOULD DISMISS THE COMPLAINT AS TO THE FBI DEFENDANTS FOR LACK OF SERVICE

The requirements of service of process are jurisdictional in nature, because this is the means by which the court asserts jurisdiction to adjudicate the rights of the parties. See Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445 (1946). Service of process is fundamental to any procedural imposition on a named defendant. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")). In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Id.

Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that service upon the United States and its officers and employees in their official and individual capacities, shall be effected by delivering or mailing (by registered or certified mail) a copy of the summons and complaint to the United States attorney for the district in which the action is brought, to the Attorney General at Washington, D.C., and to the individual officers or employees. Rule 4(i)(2)(A) provides that:

> Service upon an officer, agency, or corporation of the United
> States, or an officer or employee of the United States sued only in
> an official capacity, is effected by serving the United States in the
> manner prescribed by Rule 4(i)(1) and by also sending a copy of
> the summons and complaint by registered or certified mail to the
> officer, employee, agency, or corporation.

Similarly, Rule 4(i)(2)(B) provides that:

> Service upon an officer or employee of the United States sued in an
> individual capacity for acts or omission occurring in connection
> with the performance of duties on behalf of the United States – in
> an official capacity – is effected by serving the United States in the
> manner prescribed by Rule 4(i)(1) and by serving the officer or
> employee in the manner prescribed by rule 4(e), (f), or (g).

By its clear terms, Rule 4(i)(2)(A) and (B) require that both the United States Attorney and the Attorney General of the United States, in addition to the officers or employees being sued, be properly served with a copy of the summons and complaint. In this action, as evidenced by the absence of entry in the Docket, the United States Attorney and the Attorney General of the United States have never been served.[1]

Moreover, dismissal of the complaint as to the FBI defendants is appropriate where, as here, the complaint was filed approximately 18 months ago and proper service still has not been

---

[1] In this particular case, plaintiff mailed three copies of the summons and complaint to the Office of General Counsel of the FBI in Washington, D.C. The letter accompanying the copies thanked the counsel for agreeing to accept service on behalf of the named defendants. No such agreement was made, however, and counsel in the Office of General Counsel are only authorized to accept personal service if the individual has authorized such acceptance. The individually named defendant's did not give any such authorization. Subsequently, plaintiff mailed waiver forms to the Office of General Counsel for the FBI in Washington, D.C. The FBI Office of General Counsel is not authorized to waive service on behalf of an individually named defendants absent express authorization by the individuals. Such authorization has not been given in this case, and the plaintiff has not attempted to effect proper service upon the individual FBI defendants, the Attorney General or the U.S. Attorney for the District of Massachusetts, in accordance with the requirements of Rule 4(i)(2)(B) and Rule 4(e).

made. See McGregor v. United States, 933 F.2d 156 (2d Cir. 1991) (affirming dismissal for failure to serve the Attorney General); McLamb v. U.S. Dept. of Treasury, 858 F. Supp. 1042 (S.D. Cal. 1994) (plaintiff failed to comply with either service requirement, case dismissed under 12(b)(5)); Dutkiewicz v. Foster, 88 F.R.D. 85 (D. Mass. 1980) (dismissing a *pro se* plaintiff's action for failure to comply with Fed. R. Civ. P. 4); see also Alvarado Morales v. Digital Equipment Corp., 843 F.2d 613, 615 (1st Cir. 1988); see also Fed. R. Civ. P. 4(m).

In sum, because the plaintiff has not properly served the FBI defendants, the Court lacks jurisdiction and the complaint as to the FBI defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, the plaintiff's complaint as to the FBI defendants should be dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Anton P. Giedt  9/16/05
     Anton P. Giedt
     Assistant U.S. Attorneys
     1 Courthouse Way - Suite 9200
     Boston, MA 02210
     617-748-3309 (Voice)

---

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Undersigned counsel certifies that pursuant to the requirements under Local Rule 7.1(A)(2), he has conferred with Plaintiffs' counsel on 9/16/05 by phone and did not reach a resolution of the issues raised in this motion.

/s/ Anton P. Giedt  9/16/05
Anton P. Giedt
Assistant U.S. Attorney

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                                        Boston, Massachusetts
                                                                                DATE:  September 16, 2005

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiff's counsel of record through electronic filing and by first class mail, and on other counsel of record through electronic filing.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney

PLAINTIFFS' COUNSEL:
Barbara C. Johnson
6 Appletree Lane
Andover, MA 01810-4102
978-474-1833 (Voice)
978-474-1833 (Fax)
barbarajohnson@att.net