UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff
v.
**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly**, in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

## OPPOSITION TO MOTION OF DEFENDANTS FREEH, PROUTY, AND KELLY TO DISMISS FOR FAILURE TO PROPERLY SERVE THE DEFENDANTS

Now comes Plaintiff Brian J. Meuse ["Meuse"] and opposes the motion by Defendants Freeh, Prouty, and Kelly to dismiss for failure to make proper service upon these defendants.

As grounds for his opposition, Meuse states the following and argues them in the ARGU-MENT section, *infra*:

In factual support of his opposition, Meuse states that these defendants admit, in footnote 1 on page 3 of their motion:

> [1] In this particular case, plaintiff mailed three copies of the summons and complaint to the Office of General Counsel of the FBI in Washington, D.C. The letter accompanying the copies thanked the counsel for agreeing to accept service on behalf of the named defendants. No such agreement was made, however, and counsel in the Office of General Counsel are only authorized to accept personal service if the individual has authorized such acceptance. The individually named defendant's did not give any such authorization. Subsequently, plaintiff mailed waiver forms to the Office of General Counsel for the FBI in Washington, D.C. The FBI

Plaintiff's counsel, Barbara C. Johnson ["Johnson"], did, indeed, not only mail three copies, she made numerous phonecalls to the FBI in Boston, Washington, Virginia, in an effort to learn where

1

Agents Charles S. Prouty ["Prouty"] and Charles P. Kelly ["Kelly"] were assigned in February 2004. She finally reached FBI counsel, after which she wrote the letter to which defense counsel alludes [**Exhibit A, attached hereto this pleading**].

Note that the letter to the FBI counsel is written to "Dear Counsel." The gentleman would not supply his name. Johnson asked to whom should she address the letter. In words for all intents and purposes, he said it would be taken care of when it reaches the office. Aware of Rule 12 allowing the defendants 60 days to answer, and having been informed by colleagues that the FBI always waits until the last minute to respond, she waited patiently. The FBI counsel also promised he would cause someone to get back to her with the current addresses of Freeh, who had been replaced, Prouty, who had since been moved out of the Boston office and promoted, and Kelly, who, Johnson had been led to believe, was working out of a New York or a New Jersey office. Those addresses never forthcame.

In the meantime, Plaintiff's original Complaint names "FOX News Channel a/k/a FOX25News" and "America's Most Wanted" as defendants. AMW's "point person," too, would not supply a name. Johnson had to correspond with "Supervisor ID 4466." The "Inner Sanctum" was alive and well. Their counsel, one and the same from Brown Rudnick Berlack Israels, notified Johnson of different corporate names and addresses. That required two subsequent amendments of the Complaint between early February and the last day of March 2004. Some delay had been caused by AMW's umbrella corporation, STF, not being able to decide whether Meuse should use the East Coast or the West Coast corporate address. "They" finally decided to use the West Coast address of the parent corporation.

The Haverhill Police Department and the City Solicitor also manufactured their obstacle course. Detective Moynihan had retired, allegedly divorced, and moved to Florida. The department claimed they did not have his address. Certainly the City department which sends retirement

2

checks would have it. Johnson located a Daniel P. Moynihan in Florida, but he was just a namesake and the money for service was wasted. Moynihan turned out to have gotten a hot dog stand license and was operating it in the park next to the Haverhill District Court. He was found not when he applied for a hawker/peddler's license without supplying his address, but when a local newspaper published an article entitled, in so many words, "From Top Cop to Top Dog," and accompanied by a picture of him in the hot dog stand.

Between early March and early June 2004, there was a maelstrom of pleadings that Plaintiff's counsel had to oppose. Amid that work, follow-up on the FBI fell through the cracks. No more, no less. Then, suddenly, Meuse's so-called federal claims against the corporations were dismissed *sua sponte* for reasons not briefed by opposing counsel, failed attempts at obtaining appellate review for the dismissal, and the delayed stay until this Summer of 2005. There remains another piece of unfinished business regarding one of the corporations: Wal-Mart. Meuse's claims against Wal-Mart, too, were to be transferred to State court with the others, but it was not. This time it fell through the cracks at the district court's rather than Johnson's feet.

During that stay, it seemed senseless to try to perfect service on the FBI agents. Clearly, something was afoot. Now, with the FBI Defendants' motion, Meuse knows what was afoot, namely, the recantation of the agreement to waive the service of summonses. But, at least, their admission does prove that the three summonses and three complaints were sent by Meuse and received by the FBI.

**ARGUMENT**

Meuse argues that two rules support his desire that this court deny the FBI defendants' motion: Rules 4(l)]\[1]/ and 4(i)(3).\[2]/ The former giving authority to this court to deem Plaintiff's

---

[1] The relevant portions of Rule 4(l) read as follows: "(l) Proof of Service. If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. . . . Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended."

3

failure to make proof of service does not affect the validity of the service he made, as demonstrated in Exhibit A and admitted by Defendants in their footnote 1. The latter requiring the court to allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to make service in accordance with Rule 4(i)(3)(A) and (B).

Meuse further argues that the United States Supreme Court has added explicitly that a failure to make service within 120 days is not fatal. The Court wrote in <u>Henderson v. United States</u>:

> Rule 4 in its historical context, we conclude that the 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance. Prior to 1983, Rule 4 contained no time limit for service. Until the changes installed that year, United States marshals attended to service.

<u>Henderson v. United States</u>, 517 U.S. 654, 1996.SCT.0000094 at ¶37 <http://www.versuslaw.com> (1996).

> Rule 4 changes made operative in 1983 completed a shift in responsibility for service from the United States marshals to the plaintiff. . . .With marshals no longer available as routine process servers, the Judicial Conference considered a time control necessary; the Conference proposed, and this Court approved, 120 days from the filing of the complaint as the appropriate limit. Congress relaxed the rule change by authorizing an extension of the 120-day period if the party responsible for service showed "good cause."

<u>Henderson</u>, 1996.SCT.0000094 at ¶42 (internal citations omitted).

> Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause shown."

<u>Id</u>. at ¶43.

> The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow.

<u>Id</u>. at ¶44.

---

[2]  (3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve: (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or (B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.
Fed.R.Civ.P. 4(i)(3).

4

> "Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Id. at ¶47, quoting the Rules Enabling Act, 28 U. S. C. §2072(b).

Lastly, where Defendants Freeh, Prouty, and Kelly were clearly aware of this suit, have appeared, and have not requested a limited appearance for the purposes of their motion, this court may deem them served.

WHEREFORE, Plaintiff Brian Meuse prays this Court deny Defendants Freeh, Prouty, and Kelly's motion to dismiss, and if necessary to make further service, order them to produce the addresses at which Meuse may serve these defendants, and allow Meuse a reasonable time to serve them pursuant 4(i)(2)(A) and (B).

|  |  |
|---|---|
|  | Respectfully submitted,<br>BRIAN J. MEUSE,<br>By his attorney, |
| 27 September 2005 | /s/Barbara C. Johnson <barbaracjohnson@worldnet.att.net><br>Barbara C. Johnson, Esq., BBO #549972<br>6 Appletree Lane<br>Andover, MA 01810-4102<br>978-474-0833 |

## AFFIDAVIT

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to myself saying or observing are true, and all other statements are true upon information and belief. Sworn under the pains and penalties of perjury.

|  |  |
|---|---|
| 27 September 2005 | /s/Barbara C. Johnson <barbaracjohnson@worldnet.att.net><br>Barbara C. Johnson, Esq., BBO #549972 |

# **EXHIBIT A**

**Barbara C. Johnson**
**Attorney at Law**
**6 Appletree Lane**
**Andover, MA 01810-4102**
**PHONE 978-474-0833      FAX 978-474-1833**
**email: barbaracjohnson@worldnet.att.net**

12 February 2004

Federal Bureau of Investigation
Office of General Counsel
935 Pennsylvania Avenue NW
Washington, D.C. 20535-0001
.

    Re:    <u>**Brian Meuse v. Susan Pane, Rosalyn Stults, Lt. Detective Daniel Moynihan, in his official and individual capacities, Captain Donald Thompson, in his official and individual capacities, City of Haverhill, Massachusetts, Louis Freeh, in his official capacity, Charles S. Prouty, in his official and individual capacities, Charles P. Kelly, in his official and individual capacities, FOX25News, America's Most Wanted, National Center for Missing and Exploited Children, Wal-Mart Stores, Inc.**</u>

Dear Counsel:

Thank you again for agreeing the other day to accept service on behalf of the defendants Louis Freeh, Charles S. Prouty, and Charles P. Kelly the three Complaints and three Summonses.

On or about 10 February 2004, we served the Complaints and Summonses in the above-captioned matter by certified mail, return receipt requested.

I forgot to serve with the Complaints and the Summonses the forms entitled **(1)** Notice of Lawsuit and Request for Waiver of Service of Summons and **(2)** Waiver of Service of Summons.  The three Items #2 have to be filled out and returned to me for filing in federal court.

Thank you, sincerely,

_____
Barbara C. Johnson

Enclosures: ##1 and 2 (three sets)

6