UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION:  04-10255-EFH

**Brian J. Meuse**
Plaintiff
v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly**, in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

_____

**ASSENTED-TO (Qualified Assent)**
**MOTION TO ENLARGE TIME TO OPPOSE**
**MOTION FOR SUMMARY JUDGMENT  BY DEFENDANT ROSALYN STULTS**

Now comes Plaintiff Brian Meuse ["Meuse"], and moves with the assent of the counsel of Rosalyn Stults, the Movant, to enlarge the time to oppose Stults' Motion for Summary Judgment. Counsel for Stults and Meuse could not agree, however, as to how long the enlargement should be.

. As grounds for this motion, Meuse states that at the end of October his counsel found herself with a seriously exacerbated physical problem, one that had arisen four years ago.  At around 4 o'clock in the morning of November 10th, she was taken to Lawrence General Hospital by Andover Fire Department EMTs, who had immediately intubated her.  Intubation continued for about 18 hours.  She underwent an operation and remained in the hospital approximately 7 days.  It took around another 10 days or so to get her strength back.

No sooner was she feeling stronger, when both of her computers, defying probability,

1

failed on the same night, on November 30th. The cursor board on her old one just stopped. The monitor on her "newer" computer popped, literally. She did not have but occasional access for the next 10 days.

Because her computers were operating on Windows 95 and Windows 98, respectively, it has been a nightmare getting her files and folders and programs transferred to Windows XP, despite the continued efforts of computer technicians working valiantly. Too many operating systems being skipped inbetween. They are still not totally back to normal computer-wise.

Since then she has been trying to catch up. Enlargement of time in other cases was also requested and, thankfully, allowed, but, as a result, there is a bottleneck of time, i.e., many significant briefs in other cases are due during the month of January. Being a sole-practitioner and a workaholic and having been told by the medical professionals to get more rest, counsel is attempting to schedule her due dates rationally and reasonably (so that she does not need to work more than 10 hours per day).

As further grounds, Meuse states, given that Defendants Charles S. Prouty, Charles P. Kelly, and Louis Freeh have, just prior to the Christmas holiday, filed a motion for an extension of time to Tuesday, 31 January 2006 to file an answer other otherwise respond to the Complaint, Meuse's counsel anticipates that they will file one or more motions to dismiss, which she shall also have to oppose.

Meuse therefore requests that the date for filing his opposition to the motion for summary judgment by Defendant Rosalyn Stults be enlarged to Monday, 6 March 2006, so that the time for opposing it *not* overlap with the time that will be needed to oppose the anticipated one or more motions to dismiss by Prouty, Kelly, and Freeh.

Given that discovery has not yet been scheduled or performed, the remaining defendants—Prouty, Kelly, Freeh, and Pane—should not be either inconvenienced or prejudiced.

WHEREFORE, Meuse respectfully prays this motion to enlarge the time for filing his opposition to Stults' Motion for Summary Judgment to 6 March 2006 be allowed.

                                        Respectfully submitted,
                                        BRIAN J. MEUSE,
                                        By his attorney,

                                        /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>
29 December 2005                     Barbara C. Johnson, Esq.,
                                        BBO #549972
                                        6 Appletree Lane
                                        Andover, MA 01810-4102
                                        978-474-0833

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify, pursuant to Local Rule 7.1(A)(2), that I, as counsel for Plaintiff Brian J. Meuse, did communicate both by email and phone with Attorney Marjunette deMagistris of Peabody Arnold, attorneys for Rosalyn Stults, in a good faith attempt to resolve or narrow the issues raised by the instant motion.

                                        Respectfully submitted,
                                          BRIAN J. MEUSE,
                                        By his attorney,

                                        /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>
29 December 2005                     Barbara C. Johnson, Esq.,