UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

### MEUSE'S OPPOSITION TO STULTS' MOTION FOR SUMMARY JUDGMENT
**(A Local Rule 56.1 Statement of Facts and a supporting memorandum accompany this opposition and an affidavit appears below the signature on page.)**

Now comes Brian J. Meuse ["Meuse] to oppose Rosalyn Stults' Motion for Summary Judgment.

As grounds, Meuse states that Stults has not included in her motion or supporting memo- randum "a concise statement of the material facts of record as to which she contends there is no genuine issue to be tried. Failure to include such a statement constitutes grounds for denial of the motion." L.R., D.Mass. 56.1.

As further grounds, Meuse states that Stults has not controverted any of the facts Meuse has pled. Instead, Stults seeks summary judgment based on two matters of law.

One matter requires this court to deem Meuse's claims against Stults to be Bivens' claims, claims that require Stults to have been acting under federal law. While Meuse argued that Stults

1

conspired to deprive Meuse of his fundamental rights to liberty and to be free of having to defend against false accusations of crime, Meuse never pled that Stults was acting under federal law and challenges Stults to identify that federal law under which he allegedly said she was acting.

The second matter is an issue of mixed fact and law and seeks this court to conclude that Stults was not a state actor for §1983 purposes.

In support, Gouin relies on the facts and legal arguments set forth in all of his pleadings filed in this case, including but not limited to those cited below and incorporates them herein by reference:

1. Document #1        VERIFIED COMPLAINT

2. Document #7        MEUSE'S OPPOSITION TO ROSALYN STULTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT

3. Document #70       MEUSE'S OPPOSITION TO NATIONAL CENTER FOR MISSING AND EXPLOITED CHLDREN'S MOTION TO DISMISS PLAINTIFF'S FEDERAL CLAIMS

4. Document #116      EXHIBITS attached to FBI DEFENDANTS' MEMORANUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

And should Rosalyn Stults' Motion for Summary Judgment not be decided by the time Meuse's forthcoming OPPOSITION TO THE FBI DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT is filed, then Meuse incorporates also

5. Document #___      OPPOSITION TO THE FBI DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**ARGUMENTS**

1. Where Stults and the Haverhill Police Department were inextricably entwined, making Stults a state actor, summary judgment on Meuse's §1983 claims against Stults is inappropriate.

2

    a. **(1)** Whether Stults represented Susan Pane in family court is irrelevant and **(2)** where the events complained-of took place outside of family court, "absolute privilege" is inapplicable.

2. Where Stults not only was a willing participant in the conspiracy, which included state actors, but also aided Pane in creating a situation out of which the potential prosecution of Meuse could and would likely grow and lead to possible conviction, summary judgment of Meuse's claims for conspiracy against Stults under both §1985(3) and State common law is inappropriate.

    a. Invidious discriminatory animus is, under Bray, *infra,* not an element of conspiracy pursuant to the SECOND clause of §1985(3). Invidious discriminatory animus was created by judicial fiat as an element for conspiracy pursuant to the FIRST clause of §1985(3) in Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

3. None of Meuse's claims against Stults may be dismissed on the grounds that a Bivens' claim may not lie against Stults, for none of Meuse's claims against Stults allege that she was acting under color of federal law.

4. Where Stults published false information about Meuse, Stults is liable for defamation of Meuse, making summary judgment on his defamation claim inappropriate.

    a. Where the statements by Stults were not made in the course of a state judicial proceeding, she is not protected by an "absolute privilege" and summary judgment on Meuse's defamation claim is inappropriate.

5. That Stults was also Pane's attorney is no defense to a conspiracy claim by Meuse, regardless of Meuse being her client's adversary in family court.

6. Stults is liable for tortious acts or civil rights deprivations committed by others where her acts were done with the intent to commit those acts, thus she is liable for false arrest, detention, imprisonment, assault, battery, malicious prosecution, abuse of process, making summary judgment on these State pending claims inappropriate.

7. Where Meuse was emotionally injured while defendants were committing another tort, summary judgment of Meuse's count for intentional infliction of emotional distress is inappropriate.

8. Where Meuse has pled substantive federal questions and where all but the FBI defendants, are from Massachusetts, diversity jurisdiction is impossible, the pendent State claims are properly before this court.

    WHEREFORE, Plaintiff prays this court DENY Rosalyn Stults' motion for summary judgment and award Plaintiff attorney's fees for having to oppose a frivolous motion. If the award of fees to Meuse is made, Plaintiff's counsel prays that she be given at least 10 days to prepare the

3

accounting and supporting affidavit.

          Respectfully submitted,
          BRIAN J. MEUSE,
          By his attorney,

8 February 2006     /s/ Barbara C. Johnson &lt;barbaracjohnson@worldnet.att.net&gt;
          Barbara C. Johnson, Esq.
          6 Appletree Lane
          Andover, MA 01810-4102
          978-474-0833
          BBO #549972

## AFFIDAVIT BY BARBARA C. JOHNSON

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to myself saying or observing are true, and all other statements are true upon information and belief.

Sworn under the pains and penalties of perjury.

8 February 2006     /s/ Barbara C. Johnson &lt;barbaracjohnson@worldnet.att/net&gt;
          Barbara C. Johnson, Esq