UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

### MEUSE'S OPPOSITION TO FBI DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
**(A Local Rule 56.1 Statement of Facts and a supporting memorandum accompany this opposition and an affidavit appears below the signature on page 4.)**

Now comes Brian J. Meuse ["Meuse] to oppose the Motion to Dismiss or in the Alternative, for Summary Judgment by FBI Defendants Louis Freeh, Charles S. Prouty, and Charles P. Kelly.

As grounds, Meuse states that the FBI Defendants have not included in their motion or supporting memorandum "a concise statement of the material facts of record as to which they contend there is no genuine issue to be tried. Failure to include such a statement constitutes grounds for denial of the motion." L.R., D.Mass. 56.1. The FBI Defendants have included statements only of relevant facts. In this case, there is a significant difference between the two types of facts.

As further grounds, Meuse states that the FBI Defendants have not controverted any of the facts Meuse has pled. Instead, the FBI Defendants seek summary judgment based on four matters

1

of law: subsections (b)(1), (b)(2), (b)(5), and (b)(6) of Fed. R. Civ. P. 12.

In support, Meuse relies on the facts and legal arguments set forth in all of his pleadings filed in this case, including but not limited to those cited below and incorporates them herein by reference:

| | | |
|---|---|---|
| 1. | Document #1 | VERIFIED COMPLAINT |
| 2. | Document #7 | MEUSE'S OPPOSITION TO ROSALYN STULTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT |
| 3. | Document #55 and the thread of briefs about *Bivens* and federal-law claims | MOTION TO RECONSIDER (WITH SUPPORTING MEMORANDUM and AFFIDAVIT) MOTIONS OF FOX TELEVISION STATIONS, INC., AND STF PRODUCTIONS, INC., TO DISMISS COMPLAINT |
| 4. | Document #100 | MEUSE'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO SERVE |
| 5. | Document #116 | EXHIBITS attached to FBI DEFENDANTS' MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT |
| 6. | Document #118 | MEUSE 'S LOCAL RULE 56.1 STATEMENT OF FACTS IN SUPPORT OF HIS OPPOSITION TO ROSALYN STULTS' MOTION FOR SUMMARY JUDGMENT |

**ARGUMENTS**

1. Where the Federal Torts Claims Act abrogates sovereign immunity in certain instances, and sovereign immunity is a judge-made rule that is sometimes favored and sometimes disfavored, depending on the facts, which we do not yet fully know, it is premature to dismiss Meuse's official-capacity claims in counts 1-4 on the grounds of lack of subject matter jurisdiction.

    a. Where Meuse was deprived of his fundamental constitutional rights and the agents knew he would be by their actions, he may seek money damages by a *Bivens*[1]/ action against the FBI defendants, making inappropriate the dismissal of Meuse's claims on the grounds of lack of subject matter jurisdiction.

2. Where FBI Agents Prouty and Kelly were acting outside the scope of their official capacities and where the Federal Tort Claims Act ["FTCA"] is silent as to claims for the depri-

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

vation of constitutional rights, the need to exhaust administrative remedies under the Federal Tort Claims Act was non-existent, precluding dismissal on the grounds of lack of subject-matter jurisdiction.

3. It would have been futile to make presentment under the FTCA to the FBI for the wrongful acts by FBI Agents Prouty and Kelly arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, and deceit, where the government had not waived its immunity for such claims. 28 U.S.C. 2680 (h).

4. The principles established by the discovery rule warrant a delayed accrual in this case, making inapplicable the two-year statute of limitation for making presentment of a claim under the FTCA, 28 U.S.C. §2671 *et seq*.

5. Where the FBI agents did not exercise due care, and failed to act reasonably in checking on the truth or falsity of the communications before publishing them, there is no sovereign immunity, precluding a grant of dismissal or summary judgment.

6. Where the WANTED posters are "operational," sovereign immunity is waived for defamation.

7. Where FBI Agents Prouty and Kelly were federal employees who (a) were acting under the color of State law and (b) violated Meuse's clearly established constitutional rights, the FBI defendants are not entitled to qualified immunity and dismissal or summary judgment of Meuse's claims under §1983 are inappropriate. If FBI Agents Prouty and Kelly were acting under federal law—although they have failed to identify that law— the FBI defendants are still not entitled to qualified immunity and dismissal or summary judgment on Meuse's *Bivens* claims are inappropriate.

8. Where Meuse did aver in his Complaint that Prouty and Kelly deprived him of his clearly established constitutional rights and that Prouty and Kelly knew that their conduct was unlawful and deprived Meuse of his constitutional rights, Meuse did meet the <u>Saucier</u> standard, making dismissal or summary judgment of Counts 1 through 4 of Meuse's Complaint inappropriate.

9. Where discovery has not yet been conducted, it is premature to determine whether Meuse's claims against Defendant Louis Freeh in his official capacity should be dismissed or be subject to a brevis disposition. Further, until discovery is performed, it would have been futile to make a presentment under the FTCA.

10. Meuse effected proper service of the Complaint on the three FBI defendants, Freeh, Prouty, and Kelly.

WHEREFORE, Plaintiff prays this court DENY the FBI defendants' motion to dismiss or in the alternative their motion for summary judgment and award Plaintiff attorney's fees for having

to oppose a frivolous motion.  If the award of fees to Meuse is made, Plaintiff's counsel prays that she be given at least 10 days to prepare the accounting and supporting affidavit.

                                      Respectfully submitted,
                                      BRIAN J. MEUSE,
                                      By his attorney,

                    /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>
27 February 2006                 Barbara C. Johnson, Esq.
                                      6 Appletree Lane
                                      Andover, MA 01810-4102
                                      978-474-0833
                                      BBO #549972

## AFFIDAVIT BY BARBARA C. JOHNSON

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to myself saying or observing are true, and all other statements are true upon information and belief. Sworn under the pains and penalties of perjury.

27 February 2006        /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att/net>
                                   Barbara C. Johnson, Esq