UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br>    Plaintiff<br><br>v.<br><br>SUSAN PANE, ROSALYN STULTS, CITY OF HAVERHILL, Lt. DETECTIVE DANIEL MOYNIHAN, Capt. DONALD THOMPSON, LOUSE FREEH, CHARLES S. PROUTY, CHARLES KELLY, FOX TELEVISION STATIONS, INC., STF PRODUCTIONS, INC. / AMERICA'S MOST WANTED, WALMART STORES, INC., and NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN,<br>    Defendants | CIVIL ACTION NO. 04-10255-EFH |

## STULTS' SUPPLEMENT TO MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT TO CLARIFY WHICH SECTIONS CONSTITUTE LOCAL RULE 56.1 FACT STATEMENTS

  Defendant, Rosalyn Stults, Esquire, files this supplemental memorandum to clarify that the "General Background" and "Allegations Against Stults" sections of her Memorandum in Support of Summary Judgment, found at pages 2-4 of the memorandum contain her Local Rule 56.1 fact statement. In addition, Stults points out that her fact statement refers solely to the allegations made in plaintiff's amended complaint and relies on the "fact" that plaintiff made those allegations, rather than the ultimate truth or accuracy of those allegations, to form the basis for her summary judgment claims.

  On December 21, 2005, Attorney defendant Rosalyn Stults filed a motion and memorandum moving this Court to enter summary judgment in her favor against plaintiff's amended complaint because, with respect to plaintiff's claims against Stults, there are no genuine

dispute of material facts and Stults is entitled to dismissal as a matter of law. The memorandum in support of defendant Rosalyn Stults' motion for summary judgment included a concise statement of the material facts of record as to which Stults contends there is no genuine issue to be tried with specific paragraph references to plaintiff's amended complaint within the "General Background" and "Allegations Against Stults" sections found at pages 2-4 of Stults' Memorandum in support of summary judgment. Stults did not, however, specifically subtitle those sections as a Rule 56.1 statement.

On or about February 8, 2006, plaintiff filed an opposition to Stults' motion for summary judgment which included a Rule 56.1 statement of facts which responded to the above referenced fact statements made by Stults in her original memorandum in support of summary judgment. Plaintiff also filed a detailed legal memorandum in support of his opposition to Stults' motion for summary judgment. Plaintiff has included a claim that Stults' failure to include a Rule 56.1 fact statement constitutes an independent ground for denial of the motion.

Stults has advised plaintiff's counsel of her intention to rely on the General Background and Allegations Against Stults' sections contained at pages 2-4 of its memorandum as her Rule 56.1 statement and plaintiff has had ample opportunity and did in fact respond to those "facts" in his opposition. Moreover, plaintiff can not deny the facts alleged in his very own amended complaint in an effort to avoid summary judgment.

Plaintiff's efforts to dismiss Stults' motion for summary judgment on the grounds that it failed to include an appropriate Rule 56.1 fact statement should be denied. And, for clarification, the Court should allow this motion to amend Stults' memorandum to clarify and/or insert appropriate subtitles designating the general background and allegations against Stults' sections of this memorandum as Rule 56.1 fact statements.

In addition, Stults hereby states and clarifies that her motion for summary judgment is based upon a claim that the allegations raised in plaintiff's amended complaint do not set forth any legally cognizable causes of action against her. Stults therefore cites and references the specific amended complaint paragraphs which arguably relate to actions against her as the "facts" which support Stults' motion for summary judgment. In so doing, Stults merely accepts those amended complaint <u>allegation</u> paragraphs as accurate rendition of plaintiff's <u>allegations</u> for purposes of the current summary judgment argument. Stults does not, however, concede the truth or accuracy of those individual fact allegations as a matter of fact. Stults only concedes that those were the allegations made by plaintiff in this case and argues that for purposes of summary judgment analysis, even assuming that they are true, those allegations do not form the basis for a cognizable cause of action against Stults as a matter of law.

        Respectfully submitted by,
        ROSALYN STULTS,
        by her attorneys,


        <u>/s/ Robert J. O'Keefe</u>
        Susan E. Cohen, BBO#553353
        Robert J. O'Keefe, BBO#655653
        Peabody & Arnold LLP
        30 Rowes Wharf
        Boston, MA 02110
        (617) 951-2100

Dated this 27th day of February, 2006.

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2006.

| | |
|---|---|
| Barbara C. Johnson, Esq.<br>6 Appletree Lane<br>Andover, MA 01810 | Douglas I. Louison, Esq.<br>Regina M. Ryan, Esq.<br>Merrick Louison & Costello<br>67 Batterymarch Street, 3rd Floor<br>Boston, MA 02110 |
| Anton P. Giedt, Esq.<br>U.S. Attorney's Office<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210 | Susan Pane<br>291 Sagewood Drive<br>Port Orange, FL 32127 |

632873_1