UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE<br>        Plaintiff<br><br>v.<br><br>SUSAN PANE, ROSALYN STULTS, CITY OF HAVERHILL, Lt. DETECTIVE DANIEL MOYNIHAN, Capt. DONALD THOMPSON, LOUIS FREEH, CHARLES S. PROUTY, CHARLES KELLY, FOX TELEVISION STATIONS, INC., STF PRODUCTIONS, INC., AMERICA'S MOST WANTED, WALMART STORES, INC., and NAT<br>        Defendants | CIVIL ACTION NO. 04-10255-EFH |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ROSALYN STULTS' MOTION FOR SUMMARY JUDGMENT**

At oral argument on Defendant Rosalyn Stults' Motion for Summary Judgment, counsel for plaintiff conceded that simply making a report to the police does not constitute state action, under 42 USC § 1983. However, counsel attempted to distinguish this case by arguing that making a *false* report to the police meets the state action requirement for § 1983 liability. Stults respectfully submits this Supplemental Memorandum to provide authority that a person does not become a state actor merely by requesting police assistance, and that the veracity of that report is a wholly irrelevant consideration to the state action test.

1. <u>A complainant as witness for the Police is not a state actor.</u>

It is well established that merely making a report to the police to request assistance does not constitute state action for the purposes of § 1983, even if that report leads to the plaintiff's arrest, even when acquittal eventually results. *See, e.g.*, *Roche v. John Hancock Mutual Life Ins.*

1

*Co.*, 81 F.3d 249, (1st Cir. 1996); *Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, (1st Cir. 1995). "[M]erely initiating a good-faith request for police protection [does] not attach liability for the subsequent unconstitutional conduct of arresting officers." *Wagenmann v. Adams*, 829 F.2d 196, 210 (1st Cir. 1987). This is so even where the private party gains some private benefit from police involvement. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 271-272 (2nd Cir. 1999).

In *Roche*, the defendant insurance company conducted an extensive investigation to determine who made death threats to an executive and turned over their investigation results implicating Roche to the police and the district attorney (who conducted their own review of the evidence). Despite the evidence gathered against Roche, and John Hancock's active involvement in the Roche's prosecution (which the court characterized as "cheerleading"), Roche was acquitted. Roche then brought a § 1983 action against John Hancock. This district court granted summary judgment to John Hancock, and the First Circuit affirmed. The court found that where the police and prosecutors exercised their own independent judgment in making the arrest, John Hancock could not be considered a state actor for merely providing the information to the police, then cooperating in the prosecution. *See Roche*, 81 F.3d at 256. The subsequent acquittal of the defendant was not relevant to the consideration of whether the arrest was proper at the time it was made. *Id.* at 255.

There is also no § 1983 liability when a private actor realizes some private benefit from police involvement. *See Ginsberg*, 189 F.3d at 272. In *Ginsberg*, the defendant requested police assistance after the plaintiff created a disturbance during a dispute over payment for a truck rental. The defendant's store manager gave background information to the police officer upon his arrival, which prompted the officer to summon the plaintiff (who had since left the store), and

2

demand that he make payment to the plaintiff on pain of arrest.  Plaintiff wrote a check to the defendant at the officer's prompting, then subsequently brought a § 1983 action against the store and the officer for deprivation of his property without due process of law.  The district court granted summary judgment to the truck rental store, and the Second Circuit affirmed, noting that the store and its manager could not be considered state actors.  *Id.* at 272.  Even though the store manager made the request for police assistance, provided the information to the police officer, then received a check as a result of police involvement, he was not a state actor absent some evidence of joint participation in the state action.  *Id.*  In the absence of any plan or arrangement between the police officer and store manager, the grant of summary judgment was appropriate.  *Id.*

2. Providing False Information to the Police does not create a state action.

Plaintiff appears to concede that complaining to the police and cooperating in their subsequent investigation does not make one a state actor.  At oral argument, counsel insisted that it was alleged that Attorney Stults had provided the police with <u>false</u> information and this was a crucial distinction.  The veracity of the information provided is irrelevant to the issue of agreement and control, the § 1983 issue.  For this reason, numerous cases make clear that plaintiff is incorrect and that while providing false information to the police may give rise to common law causes of action, it does not constitute state action and can not be the basis for a § 1983 jurisdiction over a private party.

Providing false information to the police in seeking the arrest of another does not establish state action for the purposes of § 1983 liability against a private actor.  *See Peng v. Penghu*, 335 F.3d 970, 980 (9th Cir. 2003); *Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988).  The relevant issue is completely different – a conspiracy or joint action between the

3

police and the private actor to deprive the plaintiff of his civil rights. *Id.* Even where it is reasonable to assume that a private actor gave less than reliable information to the police that resulted in arrest, "providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under Sec. 1983." *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Bare allegations of certain statements made by the defendants without other proof of a conspiracy is insufficient to state a conspiracy claim. *Id.*; *see also Daniel v. Ferguson*, 839 F.2d 1124, (5th Cir. 1988) (Finding that false statement in affidavit that lead to issuance of arrest warrant was insufficient to establish state action.)

In *Peng,* the Ninth Circuit held that two family members were not state actors for purposes of § 1983 after allegedly providing false information to the police that led to the arrest of the plaintiff. *See* 335 F.3d at 980. Plaintiff alleged that he was wrongly accused of robbery by his sister and her son; he was arrested after this information was relayed to a police officer during a domestic dispute. The police officer was dismissed from the subsequent lawsuit, then the district court dismissed the claims against the sister and her son for want of subject matter jurisdiction. The Ninth Circuit affirmed, noting that even though the family members may have lied to the police, there was no evidence that the police officer knew this information was false, and a finding of concerted action was not evident on the record. *Id.* Therefore there was no state action, and no federal claim under § 1983. *Id.*

Similarly in *Manax*, the court found that there was no state action despite what plaintiff alleged was a coordinated campaign of false information provided by several defendants to the state Board of Medical Examiners to revoke plaintiff's license. 842 F.2d at 813. The state board conducted several investigations, but never took any disciplinary action. On this record, the Fifth Circuit found that there was no state action by the private defendants, and affirmed the

4

district court's dismissal of the case.  "Barring a constitutional defect in the state's procedure for responding to requests or information from private entities, the state is not the source of the wrongdoing when private entities seek to misinform or mislead the state into employing its power improperly."  *Manax*, 842 F.2d at 813.  Even if the board "acquiesced" in by conducting an investigation based on private initiatives to obtain government action, the board's actions did not change those private initiatives into state action.  *Id.*

In *Moore*, the plaintiffs were arrested after a restaurant manager falsely reported to the police that the plaintiffs failed to pay or offer to pay for a meal at the restaurant.  The plaintiffs had walked out after an excessive delay in service of those meals, but offered to pay for the salads and drinks they had consumed to that point.  The police acted on this information and then arrested the plaintiffs after inquiring of the plaintiffs whether they had eaten at the restaurant that evening.  No further inquiry was conducted.  The plaintiffs sued the restaurant owner and the police officers, claiming a violation of their civil rights.  The district court granted summary judgment to all defendants on all counts.  The Seventh Circuit affirmed the grant of summary judgment with respect to the restaurant defendants.  Although the record established that the restaurant owner provided less than accurate information to the police, there was no evidence, circumstantial or otherwise, that the restaurant owner engaged in a conspiracy to arrest the plaintiffs.  *See Moore*, 754 F.2d at 1352.  Simply providing false information to the police was insufficient to state a claim against a private party under § 1983.  *Id.*

Clearly something more than a report to the police or even false report to the police which leads to an arrest is required to establish state action for the purposes of § 1983 liability.  There must be some evidence that would enable a rational fact finder to conclude that the arrest resulted from "concerted action tantamount to substituting the judgment of a private party for

5

that of the police or allowing the private party to exercise state power." *Alexis*, 67 F.3d at 351-352.  Bare, conclusory allegations of conspiracy are not enough, and the complaint must plead in some detail the nature of the cooperation or relationship between the state actors and the private individuals to survive dismissal.  *Munoz Arrill v. Maiz*, 992 F. Supp. 112, 116 (D. Puerto Rico 1998).

3.     Conclusion

To the extent that Meuse contends that Section 1953 liability attaches because it is alleged that Stults provided false information to the police, this contention has no support in relevant precedent or in logic.

This supplemental authority, along with Stults' memorandum in support of her motion for summary judgment, establishes that Stults is entitled to judgment as a matter of law as to all claims against her.  Stults' respectfully requests that her motion for summary judgment be granted.

                                                Respectfully submitted,
ROSALYN STULTS,
by her attorneys,

/s/ Susan E. Cohen

George A. Berman, BBO#040200
Susan E. Cohen, BBO# 533353
Robert J. O'Keefe, BBO#655653
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
617-951-2100

Date: March 10, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 10, 2006.

| | |
|---|---|
| Barbara C. Johnson, Esq.<br>6 Appletree Lane<br>Andover, MA 01810 | Douglas I. Louison, Esq.<br>Regina M. Ryan, Esq.<br>Merrick Louison & Costello<br>67 Batterymarch Street, 3rd Floor<br>Boston, MA 02110 |
| Anton P. Giedt, Esq.<br>U.S. Attorney's Office<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210 | Susan Pane<br>291 Sagewood Drive<br>Port Orange, FL 32127 |

/s/ Susan E. Cohen
_____

PABOS2:ROKEEFE:633875_1
14809-90514