UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. MEUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>LOUIS FREEH, in his official capacity,<br>CHARLES S. PROUTY, in his official and<br>individual capacities, CHARLES P. KELLY,<br>in his official and individual capacity, et al.,<br><br>    Defendants. | Civil Action No.  04-CV-10255-EFH |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION FOR RECONSIDERATION OF
COURT'S MEMORANDUM AND ORDER OF MARCH 23, 2006
(DOCKET NO. 135)**

**I.  SUMMARY**

The defendants, the Director of the Federal Bureau of Investigation[1] ("FBI"), Charles S. Prouty, former Executive Assistant Director ("EAD"), and Charles P. Kelly, Special Agent ("SA") (collectively "federal defendants" or "United States"), through their undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Reconsideration of the Court's Memorandum and Order of March 23, 2006 (Docket No. 135).  The United States only requests reconsideration of that portion of the Court's Memorandum and Order related to the transfer of the plaintiff's state court claims (counts 5–13 of the plaintiff's Complaint) to Essex Superior Court.  The United States accepts and concurs with the Court's dismissal of the plaintiff's constitutional claims against the federal defendants (counts 1–4 of plaintiff's

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(2), Robert S. Mueller, III, the current Director of the FBI, is automatically substituted for Louis Freeh, the former Director of the FBI, who was sued in his official capacity according to the caption of the plaintiff's Complaint.  Pursuant to Fed. R. Civ. P. 25(d)(2), a public officer who is sued in an official capacity may be described as a party by the officer's official title rather than by name.

Complaint).

As explained below and in the federal defendants' Motion to Dismiss or in the Alternative for Summary Judgment and accompanying Memorandum in Support ("federal defendants' Motion to Dismiss") (Docket Nos. 115 and 116), counts 5-13 are state tort claims, and pursuant to the Federal Employee Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), 28 U.S.C. § 2679(d)(2), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., jurisdiction over these claims is only proper in this Court. Concurrent with this Memorandum in Support and accompanying Motion for Reconsideration, the requisite Notice of Substitution of the United States as the sole federal defendant and Certification of Scope of Employment of the federal defendants have been executed and filed with the Court (Docket No. 136).

Accordingly, the United States respectfully requests that the Court reconsider its Order transferring counts 5–13 of the plaintiff's Complaint as to the federal defendants to Essex Superior Court, and rule on counts 5-13 based on United States' Motion for Reconsideration and on the federal defendants' arguments set forth in their Motion to Dismiss or in the Alternative for Summary Judgment and accompanying Memorandum in Support (Docket Nos. 115 and 116), which are incorporated herein by reference.

## II.  ARGUMENT

**A.     Civil Actions In State Court Are Subject To Removal**

Under 28 U.S.C. § 2679(d)(2) of the Westfall Act, a civil action in state court arising under state law may be removed to federal court whenever the Attorney General or his designee certifies that a defendant was within the scope of his office or employment at the time of the acts giving rise to the suit. Counts 5-13 of the plaintiff's Complaint allege state law tort claims. The Westfall Act states that the U.S. Attorney General may sign and file the requisite certification.

See 28 U.S.C. § 2679(d).  The Attorney General has, however, delegated this authority to the Assistant Attorney General for the Civil Division, who has further delegated the authority to the United States Attorneys.  28 C.F.R. § 15.3 (appendix).  "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."  28 U.S.C. § 2679(d)(2).  The Westfall Act provides that the action:

> shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2).

Concurrent with the filing of this Memorandum in Support and accompanying Motion for Reconsideration, the requisite Notice of Substitution of the United States as the sole federal defendant and Certification of Scope of Employment for the federal defendants have been filed with the Court (Docket No. 136).

**B.      The United States Should Be Substituted For The Federal Defendants**

The Westfall Act provides that "an action against the United States is the only remedy for injuries caused by federal government employees acting within the scope of their employment, regardless of whether the conduct in question was discretionary."  United States v. Smith, 499 U.S. 160, 165-66 (1991).  The Westfall Act achieves this objective by establishing a two-step process by which a federal employee may secure absolute immunity from state law tort claims.  First, the Attorney General or his designee "must certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995) (citing 28 U.S.C. § 2679(d)(1)).

3

Upon completion of this first step, the United States should be substituted as the party defendant and any civil action or proceeding commenced should be deemed an action against the United States.  See 28 U.S.C. § 2679(d)(1).  Completion of this second step, meanwhile, should result in the dismissal of the federal employee from the action.  See Gutierrez de Martinez, 515 U.S. at 420-21.  The United States should be substituted as the federal defendant for claims 5–13, and all state law tort claims against the individual federal defendants should be dismissed.

C.  **The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Tort Claims Against The United States, And The Plaintiff's State Law Tort Claims Must Be Dismissed For Failure To Exhaust Administrative Remedies In Accordance With The FTCA**

As fully discussed in the federal defendants' Motion to Dismiss, Docket No. 116, at pp. 6–11), after substitution of the United States for the individual federal defendants, plaintiff's claims are governed by the provisions of the FTCA, 28 U.S.C. § 2671, et. seq., which defines a court's jurisdiction to hear such an action.  See, Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004).

One of the primary conditions placed on the consent of the United States to be sued under the FTCA is set forth in 28 U.S.C. § 2675(a), which provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  (Emphasis added).

In accordance with the FTCA, the filing of an administrative claim is jurisdictional, and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee.  McNeil v. United

4

States, 508 U.S. 106 (1993); Cotto v. United States, 993 F.2d 274, 280 (1st. Cir. 1993). See Docket No. 116, at pp. 6–7.

In this action, the plaintiff's Complaint does not aver that he filed an administrative claim with the FBI before he brought the instant matter before this Court. Moreover, Plaintiff does not assert that the FBI has denied his claim in writing as required by the FTCA, nor does the FBI have any record of an FTCA claim being filed by the plaintiff. Id., at Exhibit 6, Declaration of William L. Hooton, Assistant Director, FBI Records Management Division. In light of plaintiff's failure to comply with the administrative claim requirements of the FTCA, this court should find that it lacks jurisdiction over the subject matter of plaintiff's Complaint as it relates to the United States (federal defendants),[2] and the Complaint should be dismissed as to the federal defendants pursuant to Fed. R. Civ. P. 12(b)(1).[3] Id., at pp. 7–8.

---

[2] As a consequence of the FTCA defect, plaintiff has also failed to comply with Fed. R. Civ. P. 8(a)(1), which mandates that "a pleading which sets forth a claim for relief....shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed .R. Civ. P. 8(a)(1).

[3] The plaintiff's failure to satisfy the administrative presentment requirements of the FTCA within two years of the accrual of the claims has also resulted in the tort claims being forever barred under section 2401(b) of the the FTCA, 28 U.S.C. § 2401(b). See federal defendants' Motion to Dismiss, Docket No. 116, at pp. 8–9). Additionally, the United States does not waive sovereign immunity when (1) there is no negligence on the part of its employees (Id., at pp. 9–10), or (2) for defamation (Id., at pp.10–11).

## IV.  CONCLUSION

Based on the foregoing and on federal defendants' Motion to Dismiss (Docket Nos. 115 and 116), the plaintiff's Complaint should be dismissed as to the United States, or in the alternative, summary judgment should be granted to the United States on all counts of the plaintiff's Complaint.

                      Respectfully submitted,

                      UNITED STATES OF AMERICA

                      MICHAEL J. SULLIVAN
                      United States Attorney

| OF COUNSEL: | | |
|---|---|---|
| Nolon J. Benson, Jr. | By: | /s/ Anton P. Giedt   4/3/2006 |
| Assistant General Counsel | | Anton P. Giedt |
| Office of the General Counsel | | Assistant U.S. Attorneys |
| Federal Bureau of Investigation | | 1 Courthouse Way - Suite 9200 |
| 935 Pennsylvania Ave., N.W., | | Boston, MA 02210 |
| Washington, D.C.  20535 | | 617-748-3309 (Voice) |
| 202-220-9323 (Voice) | | 617-748-3967 (Fax) |
| 202-220-9353 (Fax) | | anton.giedt@usdoj.gov |

---

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

    Undersigned counsel certifies that pursuant to the requirements under Local Rule 7.1(A)(2), he has conferred with Plaintiff''s counsel over the past several months regarding the plaintiff''s Complaint and the federal defendants' Motion to Dismiss or in the Altenative for Summary judgment.

                      /s/ Anton P. Giedt    4/3/2006
                      Anton P. Giedt
                      Assistant U.S. Attorney

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                    Boston, Massachusetts
                                                                DATE: April 3, 2006

    I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiff's counsel of record through electronic filing.

                      /s/ Anton P. Giedt
                      Anton P. Giedt
                      Assistant U.S. Attorney