UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

**PLAINTIFF BRIAN MEUSE'S MOTION**
**(1)   TO ORDER PRODUCTION TO MEUSE OF 28 C.F.R. §15.3(a) REPORT TO U.S. ATTORNEY,**
**(2)   TO STRIKE OR ORDER WITHDRAWAL OF U.S. ATTORNEY'S CERTIFICATION,[1]/**
**(3)   TO STRIKE OR ORDER WITHDRAWAL OF THE FBI'S PROPOSED ORDER, AND**
**(4)   TO STRIKE THE FBI DEFENDANTS' NOTICE OF SUBSTITUTION OF THE "UNITED STATES" FOR THE THREE FBI DEFENDANTS**
**(5)   TO DENY INFERRED MOTION TO ALLOW PROPOSED ORDER**
**(6)   TO ORDER THE PRODUCTION OF SPECIFIC DOCUMENTS**

   Now comes Brian J. Meuse ["Meuse] and moves this Honorable Court **(1)** to order the production to Meuse of the 28 C.F.R. §15.3(A) report to the U.S. Attorney, **(2)** to strike or order the withdrawal of the U.S. Attorney's certification, **(3)** to strike or order the withdrawal of the

---

[1]   A certification under this section may be withdrawn if a further evaluation of the relevant facts or the consideration of new or additional evidence calls for such action. The making, withholding, or withdrawing of certifications, and the removal and defense of, or refusal to remove or defend, such civil actions or proceedings shall be subject to the instructions and supervision of the Assistant Attorney General in charge of the Civil Division or his or her designee.

28 C.F.R. § 15.4(c).

1

FBI's proposed order, and **(4)** to strike the FBI Defendants' Notice of Substitution of the "United States" for the three FBI Defendants, namely, Louis Freeh, Charles S. Prouty, and Charles P. Kelly, **(5)** to deny their implied motion to allow the proposed order, **(6)** to order the production of specific documents, namely,

- **(a)** to write affidavits delineating not only their duties and responsibilities but also the communications they had regarding Meuse's case with others within the Bureau as well as with the Department of Justice. with the Attorney General or Deputy Attorney General, and with the Office of Public Affairs, the OPA, and to produce,

- **(b)** that part of the FBI Wanted Persons Index which contains a reference to Meuse,

- **(c)** that part of the FBI Identification Order Fugitive Flier File which contains a reference to Meuse,

- **(d)** that part of the FBI Informant Index which contains a reference to Meuse,

- **(e)** that part of the FBI Wanted Fliers File which contains fliers re Meuse, and

- **(f)** in Category #88, Unlawful Flight to Avoid Prosecution, Custody, or Confinement (18 U.S.C. § 1073), the material regarding Meuse..

As grounds, Meuse states the following:

**(1)** Where

   **(a)** Meuse has not been given a copy of the report submitted by the Federal employees' employing Federal agency to the U. S. Attorney for the District of Massachusetts addressing whether the employees were acting within the scope of their offices or employment with the Federal Government at the time of the incident out of which the suit arose,

   **(b)** Meuse is and will be further prejudiced because that report has been neither voluntarily disclosed nor attached to the Notice for Substitution nor attached to their motion to reconsider this court's order of 23 March 2006 (Document #135) of that report, and

   **(c)** Meuse is entitled to the information allegedly gathered by the employing agency,

   he cannot properly address the issues relevant both to the FBI defendants' request for substitution and to their motion to reconsider this court's order of 23 March 2006 (Document #135).\[2]/  28 C.F.R. § 15.3(a).

---

[2]  The Federal employee's employing Federal agency shall submit a report to the United States Attorney for the district embracing the place where the civil action or proceeding is brought fully addressing whether the employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose, and a copy of the report shall be sent by the employing Federal agency to the responsible Branch Director of the Torts Branch, Civil Division, Department of Justice.

(2) Meuse has sued Prouty and Kelly in their individual as well as their professional capacities. The United States is not responsible for the liabilities of those three persons in their individual capacities. 28 U.S.C. § 2672. *See also* 28 U.S.C. §§ 2680 (exceptions to the Federal Tort Claims Act).

(3) Evidence must be taken to determine in which capacities—their professional or individual capacities—they were acting when they published to the world that there was a valid federal warrant for "Unlawful Flight to Avoid Prosecution" in violation of 18 U.S.C. §1073.

(4) Evidence must be taken to determine how much Louis Freeh knew of the complained-of acts of Prouty and Kelly and when did Freeh know them.

(5) Although United States Attorney Michael Sullivan, for the District of Massachusetts, has, according to the Notice, "certified pursuant to 28 U.S.C. §§ 2679(d)(1) and 28 C.F.R. § 15.3, that at the time of the conduct alleged, the federal defendants were acting within the scope of their employment as employees of the United States," the U.S. attorney cannot know that. He witnessed nothing. By such certification, U.S. Attorney Sullivan is making himself a "fact witness." If he is a fact witness, and there is a possibility that his testimony will be contrary to the interest of his clients, the U.S. Attorney and his agents, namely the assistant U.S. attorney, must withdraw from the representation of the FBI defendants.

(6) Sections 2679(d)(1) and/or (2) of Title 28 of the United States Code are predicated on the investigatory report, pursuant to 28 C.F.R. § 15.3, of the incidents complained-of by Meuse, and do not exclusively determine whether the certification allowing substitution by operation of law is proper or appropriate.

(7) Were §§ 2679(d)(1) and/or (d)(2) allowed to stand alone, they would deprive Meuse of due process by allowing an attorney to vouch for the testimony of a client and to usurp the decision-making power of a jury to reach conclusions as to whether the FBI defendants were acting in their professional capacities or as rogue agents, i.e., on their own.

(8) Where the certification vouches that the agents were acting in their professional capacities and the evidence appears to indicate that the agents were acting in their individual capacities, Meuse would be prejudiced were the jury to conclude the agents were acting in their individual capacities, which would allow both the United States to escape liability and Meuse to be left without a remedy for the wrong done him by the agents. That would be a result contrary to Meuse's constitutional civil rights.

(9) The substitution of the United States for the individual defendants will interfere

---

28 C.F.R. § 15.4(a).

> with the prosecution of this case against FBI by depriving Meuse of the opportunity to discover through written interrogatories, requests for document production, and deposition of the defendants. 28 C.F.R. § 1346.

**(10)** Where Meuse has not sued under the Federal Tort Claims Act, 28 U.S.C. §§ 2679(d)(1) and/or (d)(2) are not applicable to the instant case.

**(11)** Where the Federal Tort Claims Act is not the exclusive remedy for "*[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights,*" 28 U.S.C. §§ 2679(d)(1) and/or (d) (2) are not applicable to the instant case. 28 U.S.C. §2680 (h) (exceptions to the FTCA).

In support, Meuse states that given that the FBI defendants misrepresented to the public, to the defendants in the Haverhill Police Department, and to the court that there was a valid federal warrant for the apprehension of Brian Meuse for "Unlawful Flight to Avoid Prosecution," when a state felony warrant was required by 18 U.S.C. §1073, and there was none, there is considerable likelihood that there were misrepresentations in the § 15.2 (a) information delivered "*to the employee's immediate superior or to whomever is designated by the head of the employee's department or agency to receive such papers*" and included in the § 15.3(a) report delivered to U.S. Attorney Sullivan, causing him to issue a certification based on erroneous information.

It is, therefore, necessary that the information on which the certification is based be provided to Meuse so that it can scrutinized for both truth and error.

WHEREFORE, Meuse prays this court **(1)** to order the production to Meuse of the 28 C.F.R. §15.3(a) report that was submitted to the U.S. Attorney of the District of Massachusetts, **(2)** to strike or order the withdrawal of the U.S. Attorney Michael Sullivan's certification, **(3)** to strike or order the withdrawal of the FBI's proposed order, and **(4)** to order the withdrawal of the FBI defendants' Notice of Substitution of the "United States" for the FBI Defendants, **(5)** to deny their implied motion to allow the proposed order, and **(6)** to order the production of specific documents, namely, **(a)** to write affidavits delineating not only their duties and responsibilities but also the

communications they had regarding Meuse's case with others within the Bureau as well as with the Department of Justice. with the Attorney General or Deputy Attorney General, and with the Office of Public Affairs, the OPA, and to produce **(b)** that part of the FBI Wanted Persons Index which contains a reference to Meuse, **(c)** that part of the FBI Identification Order Fugitive Flier File which contains a reference to Meuse, **(d)** that part of the FBI Informant Index which contains a reference to Meuse, **(e)** that part of the FBI Wanted Fliers File which contains fliers re Meuse, and **(f)** in Category #88, Unlawful Flight to Avoid Prosecution, Custody, or Confinement (18 U.S.C. § 1073), the material regarding Meuse.

To issue the proposed order would be highly prejudicial to Brian Meuse.

                                                                                    Respectfully submitted,
BRIAN J. MEUSE,
By his attorney,

/s/ Barbara C. Johnson &lt;barbaracjohnson@worldnet.att.net&gt;

10 April 2006                                Barbara C. Johnson, Esq.
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972

### AFFIDAVIT BY BARBARA C. JOHNSON

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to myself saying or observing are true, and all other statements are true upon information and belief. Sworn under the pains and penalties of perjury.

/s/ Barbara C. Johnson &lt;barbaracjohnson@worldnet.att.net&gt;
10 April 2006                                Barbara C. Johnson, Esq.