Case 1:04-cv-10255-EFH   Document 140   Filed 04/17/2006   Page 1 of 2

MEUSE'S OPPOSITION TO FBI DEFENDANTS'
MOTION FOR RECONSIDERATION [DOC. 137]
OF COURT'S MEMORANDUM AND ORDER OF
MARCH 23, 2006 [DOC. 135] 4/17/2006  6:43 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,
Rosalyn Stults,
Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

**MEUSE'S OPPOSITION TO FBI DEFENDANTS' MOTION FOR RECONSIDERATION
[DOC. 137] OF COURT'S MEMORANDUM AND ORDER OF MARCH 23, 2006 [DOC. 135]
(accompanied by Memorandum in Opposition)**

Now comes Brian J. Meuse ["Meuse] to oppose the FBI Defendants' Motion for Reconsideration [Doc. 137] of Court's Memorandum and Order of March 23, 2006 [Doc. 135].

As grounds, Meuse states:  **(1)** Where the FBI defendants, particularly Charles S. Prouty and Charles P. Kelly, were acting outside the scope of their employment during the relevant times of the Meuse case, Assistant U.S. Attorney Michael Sullivan's certification to the contrary is groundless and untrustworthy and subject to judicial review in a federal forum.  **(2)** Meuse contends that factually the FBI defendants' defamation falls outside the Federal Tort Claims Act ["FTCA"], as does their misrepresentation that a valid arrest warrant issued, making the general waiver of immunity applicable.   (An UNsigned warrant does not a valid warrant make.)  **(3)** Where the FTCA is inapplicable, the United States may not be substituted for the three FBI defen-

**1**

Case 1:04-cv-10255-EFH    Document 140    Filed 04/17/2006    Page 2 of 2

MEUSE'S OPPOSITION TO FBI DEFENDANTS'
MOTION FOR RECONSIDERATION [DOC. 137]
OF COURT'S MEMORANDUM AND ORDER OF
MARCH 23, 2006 [DOC. 135] 4/17/2006  6:43 PM

dants.  **(4)** Where Meuse has the burden of proving that the defendants acted outside the scope of their employment, Meuse is entitled to discovery (set out, *infra*, in detail).  **(5)** The determination of the scope of the FBI defendants' employment must occur in this federal tribunal, although the law applied must be state law of Massachusetts.

The four issues argued in the memorandum supporting this opposition are the following:

1. Where the government employees acted outside the scope of their employment, and may be sued, the United States may not be substituted for the FBI defendants. The scope status of the federal defendants is resolved by a federal tribunal, but state *respondeat* superior law must control the determination of whether the federal employee was acting within the scope of employment.

2. Where the burden of proving that the defendants outside the scope of their employment, Meuse must be given an opportunity to meet that burden. This court does retain jurisdiction over the case at least until the scope of the FBI agents' employment is determined.

3. In Massachusetts, the general *respondeat* superior test involving intentional torts considers whether the act was within the course of employment, and in furtherance of the employer's work.

4. Where the FTCA does not apply, neither does the Westfall Act.

WHEREFORE, Plaintiff prays this court DENY the FBI defendants' motion to reconsider the Court's Memorandum and Order of March 23, 2006 [Doc. 135] on the grounds they contend: The Westfall Act is not applicable.  Substitution of the United States for the FBI defendants is inappropriate.  And this court does retain jurisdiction over the case at least until the scope of the FBI agents' employment is determined.

Respectfully submitted,
BRIAN J. MEUSE,
By his attorney,

/s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>

17 April 2006

Barbara C. Johnson, Esq.
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972

**2**