UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

## PLAINTIFF BRIAN MEUSE'S PRETRIAL MEMORANDUM

**(1)   Concise Summary of the Evidence to Be Offered by Meuse**

The genesis of this lawsuit is a custody dispute between the Plaintiff Brian Meuse ("Meuse") and Co-defendant Susan Pane ("Pane") concerning their daughter, Marissa. Marissa Lyne Meuse ("Marissa" or "the child") was born on August 4, 1999. At that time and for a short time thereafter, Meuse, Pane, and their newborn daughter resided together in Haverhill, Massachusetts. Relations between Meuse and Pane quickly deteriorated, however, and on 1 October 1999, Pane left Massachusetts and traveled with the child to Florida where they took residence with Pane's mother. Each parent quickly sought aid from the courts. In October and November of 1999, courts in Massachusetts and Florida issued conflicting orders as to who held custody of Marissa—a Massachusetts court granting temporary custody to Meuse, a Florida court to Pane. On 3 May 2000, the Massachusetts court resolved the jurisdictional conflict by concluding that the Es-

sex County (Massachusetts) Probate and Family Court held jurisdiction pursuant to the Massachusetts Child Custody Jurisdiction Act, M.G.L. ch. 209B, § 2 et seq. (See Pl.'s Second Am. Compl. ("Complaint") at Ex. T) (opinion of Essex County Probate and Family Court Judge Mary Manzi).

Meuse made repeated efforts to check on Marissa's well being throughout late 1999 and into 2000. Concerned by reports that Marissa was neither developing on schedule nor receiving proper care, Meuse took matters into his own hands in early October 2000. Meuse traveled to Florida and on 1 October 2000 removed the child back to Massachusetts where he had arranged for Marissa to meet with Boston-area physicians.

Meuse's counsel informed Co-defendant Rosalyn Stults ("Stults"), then serving as Pane's Massachusetts probate attorney, about the doctor appointments on 5 October 2000. Pane and/or Stults then contacted the doctors with whom Marissa was scheduled to meet and represented that Pane, not Meuse, was Marissa's custodial parent. The hospital cancelled the appointments. Upon learning that Pane had convinced the hospital to cancel Marissa's appointments, Meuse took Marissa and dropped out of sight.

Six days later, the Essex County Probate and Family Court held a hearing at which Meuse did not appear. Pane was granted temporary custody of Marissa. Meuse did not resurface with the child during the next two weeks, and police search efforts were unsuccessful. Convinced there was probable cause to believe that Meuse had unlawfully fled with a minor, see M.G.L. ch. 265, § 26A, Haverhill Lieutenant Detective Daniel Moynihan ("Moynihan") obtained a misdemeanor warrant for Meuse's arrest on 25 October 2000.

Pane told authorities, including National Center for Missing and Exploited children,a total flsity, to wit, that "she was given permission from the court in MA to relocate to FL." In fact, in May 2000, Judge Manzi held that Pane had wrongfully removed the child from Massachusetts. (NCMEC 0038) None of the defendants from the Haverhill Police Department or the FBI checked

Pane's story for veracity. Neither did any of the corporate defendants check Pane's story for veracity. Multiple people, including the defendants from the Haverhill Police Department were informed multiple times of the child's debilitating physical condition, and none cared, checked, took stock in it. They were looking for the child only because a woman wanted it that way. It was a mixture of the Keystone Kops and asininity and a total reckless disregard for the welfare of the child. If not total reckless disregard, then total incompetence. Of course, federal monies underpinned the entire case. The HPD, the FBI, the NCMEC, all receive federal monies to partake in the activities these entities undertook. The other defendant corporations share in some of that found federal wealth and earn large advertiser revenues.

From late-October 2000 until March 2001, the Haverhill Police Department and FBI coordinated a search for Brian and Marissa Meuse. The search efforts included *inter alia*: distribution of "Missing/Wanted" posters; reports to and by the National Center for Missing and Exploited Children; and a televised report on the "America's Most Wanted" television program. Two patrons at an Ada, Oklahoma Wal-Mart observed one of the posters and informed local authorities that they had recently seen Brian and Marissa Meuse in a nearby laundromat. Meuse was arrested by Oklahoma authorities on 22 March 2001, and eventually transferred back to Massachusetts where he was charged with kidnapping under M.G.L. ch. 265, § 26A. Meuse stood trial in Massachusetts state court and was acquitted by a Haverhill jury in May 2002. This suit followed.

The Haverhill police searched for Meuse and the child over the course of the next several weeks, but were unsuccessful. Haverhill Lieutenant Detective Daniel Moynihan ("Moynihan") obtained a warrant for Meuse's arrest on 25 October 2000 alleging that Meuse had unlawfully kidnapped his daughter (M.G.L. ch. 265, § 26A). (See Mot. of Federal Def.'s at Ex. 1) (the "state warrant").

The Essex County District Attorney's office sought a federal flight warrant from the United States Attorney in Boston. (Id. at FBI Ex. 2) (November 2, 2000 letter from Essex County First Assistant District Attorney Robert N. Weiner to United States Attorney Donald Stern); (see also id. at Ex. 4) (affidavit of FBI Special Agent Charles Kelly). The FBI opened a fugitive investigation on 4 November 2000 and attempted to obtain from the United States District Court a federal flight warrant pursuant to 18 U.S.C. § 1073 on 6 November 2000. The FBI's effort was unsuccessful. The warrant was never signed, but the FBI and subsequently the other defendants published a falsity to the public that there was a federal warrant for Meuse. (Id. at FBI Ex. 3)

From November 2000 through March 2001, the Haverhill Police Department and FBI coordinated a search for Brian and Marissa Meuse. The search efforts included inter alia: distribution of "Missing/Wanted" posters; reports to and by the National Center for Missing and Exploited Children; and a televised reports on both FOX-TV's "Unsolved New England Mysteries" and on FOX TV's "America's Most Wanted" television program.

In March 2001, two patrons at an Ada, Oklahoma, Wal-Mart observed one of the posters and informed local authorities that they had recently seen Brian and Marissa Meuse in a nearby laundromat. Indeed, Meuse and the child had been living in the area. On 22 March 2001, Meuse was arrested by Oklahoma authorities on the UNsigned federal flight warrant, which was a nullity.

Meuse was then transferred back to Massachusetts and charged with kidnapping under M.G.L. ch. 265, § 26A. He stood trial in Massachusetts state court and was acquitted by a Haverhill jury in May, 2002. This suit followed.

The gravamen of counts one and two against the defendants is that they facilitated a violation of plaintiff's Fourth Amendment right against unreasonable seizure by obtaining a federal flight warrant for which there was no underlying probable cause. Count three alleges that all the defendants participated in a conspiracy in violation of 42 U.S.C. § 1985(3). Count four alleges that

Director Freeh and Executive Assistant Director Prouty failed to train, supervise, control, and discipline the agents under their control, and that such failure led to a violation of plaintiff's constitutional rights under the Fourth Amendment.

**(2)** **Facts Established by the Pleadings or by Stipulations or Admissions of Counsel**

All material facts are as alleged by Meuse.

**(3)** **Factual Issues in Dispute**

As yet to be determined.

**(4)** **Issues of Law**

Whether the Haverhill Police Department had probable cause for a state arrest warrant.
Whether the FBI had probable cause for a federal UFAP warrant (sec. 1073)
Whether FBI followed procedures when communicating with press and media.

**(5)** **Evidentiary Issues, Together with Supporting Authority**

As yet to be determined.

**(6)** **Amendments of Pleadings**

**(7)** **Additional Matters to Aid in the Disposition of the Action**

Discovery responses not yet received.
Mediation.
Mock trial.

**(8)** **Witnesses**

1. Susan Pane,
2. Rosalyn Stults
3. Lt. Detective Daniel R. Moynihan
4. Captain Donald Thompson
5. Louis Freeh, or current FBI Director
6. Charles S. Prouty
7. Charles P. Kelly
8. As yet unidentified witnesses from FOX TV
9. As yet unidentified witnesses from STF, Inc.
10. NCMEC Ron Jones, Case Manager
11. NCMEC Hotline Operator Layone Davenport
12. NCMEC Olan Mills NCMEC 0054
13. As yet unidentified witnesses from National Center for Missing and Exploited Chil-

        dren
14. As yet unidentified witnesses from Wal-Mart
15. Annie Kalip
16. 
17. Rick Hewlitt, 40 Timber Crest Land, Centereach, NY 11720, 613-698-8605
18. Brian Meuse
19. Karin Huffer (expert)
20. Other as yet unidentified expert(s)
21. Fact witnesses from governmental entities re grant monies to defendant entities

Meuse reserves the right to update and supplement this list as appropriate.

### (9) Proposed Trial Exhibits

| # | Exh | Description |
|---|---|---|
| 1. | Exh A | Merck-Medco Prescription History |
| 3. | Exh B | 8-12-99 Women's Health Care: Pane Almost Dropped Baby, Depressed, Florida |
| 4. | Exh C | CVS #1886 Records 10-26-00 |
| 5. | Exh D | Marissa's Medical Records (selected pages; records too lengthy for inclusion) |
| 6. | Exh E | Brooks Pharmacy Records |
| 7. | Exh F | CVS #1886 Records 8-1-00 |
| 8. | Exh G | CVS #1174 Records 7-27-00 |
| 9. | Exh I | Lawrence General Addiction, Pane Seeking Morphine |
| 10. | Exh J | Anna Jacques Hospital, page 117, Addiction, Sleeping Pills, No Abuse |
| 11. | Exh K | Volusia County Sheriff's Department. Service Attempts, Dodging Service |
| 12. | Exh L | Complaint for Paternity and Motion to Remain in Mass.s 9-13-99 |
| 13. | Exh M | 209A dated 10-1-99 |
| 14. | Exh N | 209A Complaint dated 10-1-99 and Supporting Affidavit |
| 15. | Exh O | Volusia County Sheriff's Dept. Return of Service Temporary Injunction 11-3-99 |
| 16. | Exh P | Volusia County Sheriff's Department. Served 209A and Petition of Paternity |
| 17. | Exh R | Disability Check In Late November 1999 |
| 18. | Exh T | 5-3-00 Manzi's Order, Susan Pane Wrongfully Removed Marissa |
| 19. | Exh U | Pleadings filed September 2000: Writ of Habeas Corpus, etc. |
| 20. | Exh V | 12-29-99 Prevent Marissa from Being Taken Back to Florida |
| 21. | Exh W | 6-5-00 Judge Sahagian's Order of Visitations |
| 22. | Exh X | Forging Prescription, Two Pane's |
| 23. | Exh Y | 10-25-00 Criminal Complaint |
| 24. | Exh Z | 10-25-00 Warrant (no supporting affidavit) |
| 25. | Exh BB | 10-20-00 Haverhill Police Department Incident Report |
| 26. | Exh CC | 1-17-01 Letter from Thompson to Barone |
| 27. | Exh DD | 10-25-00 Application for Complaint |
| 28. | Exh EE | 1-18-01 Letter of Interview with Tim Allen |

| 29. | Exh FF | Family Abduction Poster |
| --- | --- | --- |
| 30. | Exh GG | Wanted for Parental Kidnapping, Unauthorized Flight to Avoid Prosecution |
| 31. | Exh HH | 11-5-00 Moynihan Daily Log re Ann Kalip |
| 32. | Exh II | Moynihan Handwritten Daily Log re Ann Kalip |
| 33. | Exh JJ | The Other Paine's Signature |
| 34. | Exh KK | Merck-Medco Claim History for Susan Pane |
| 35. | Exh LL | 10-2-00 Doctors Records for Marissa, and Susan's Stopping Help |
| 36. | Exh MM | Photos of Marissa January 8 and 12, 2001 |
| 37. | Exh NN | Jim Beck, Attempted Service of Process of 209A (Pane Dodging Service) |
| 38. | Exh OO | 10-26-99 Temporary Emergency Injunction: Do Not Remove From Volusia County |
| 39. | Exh PP | $500.00 10-26-99 Temporary Emergency Injunction, Dismissed |
| 40. | Exh QQ | 11-4-99 Interim Order Not to Remove Child from Volusia County |
| 41. | Exh RR | 8-4-99, Marissa's Birth Certificate |
| 42. | Exh SS | Dr. Bruce Pastor, letter stating No Such Patient |
| 43. | Exh TT | Dr. B. Eugene Brady |
| 44. | Exh UU | Hale Hospital, Dept. of Nuclear Medicine (not included with Complaint – too thick) |
| 45. | Exh VV | Amesbury Health Center, Dr. Barrie Paster, |
| 46. | Exh WW | Hale Hospital, Excerpt from hospital records |
| 47. | Exh XX | Lawrence General Hospital, Excerpt from hospital records |
| 48. | Exh YY | Anna Jacques Hospital, Excerpt from hospital records |
| 49. | Exh ZZ | 10-11-00 Manzi's Order of Custody |
| 50. | Exh AAA | 8-7-00 Order of Contact at All Times of Marissa |
| 51. | Exh BBB | Asked Everyone for Help Starting in August 99 |
| 52. | Exh CCC | 7-30-01 Swan's Order, No Custody |
| 53. | Exh DDD | 9-23-99 Letter, Barrie Paster, 1 Week in Fl., Restraining Order |
| 54. | Exh EEE | Set of webpages showing Wal-Mart as a Premiere Partner of NCMEC |
| 55. | Exh FFF | DA's Trial Exh. K: Ada, Oklahoma, Police Report |
| 56. | Exh GGG | 31 December 2000 Press Release "Open Letter to Brian Meuse" |
| 57. | Exh HHH | America's Most Wanted  -- Gold Star Partner of NCMEC |
| 58. | | Tape(s) of FOX-TV shows |
| 59. | | Tape(s) of America's Most Wanted shows |
| 60. | | Tape(s) of Sally Jesse Raphael show |
| 61. | | Tape of Wal-Mart post-capture event |
| 62. | | FBI UNsigned warrant |
| 63. | | FBI Complaint |
| 64. | | Letters and other documents from Rosalyn Stults |
| 65. | | NCMEC 0038 Case # 897945 |
| 66. | | NCMEC 0042 Case # 897945 |
| 67. | | NCMEC 0045 Case # 897945 |
| 68. | | NCMEC 0046 Case # 897945 |
| 69. | | NCMEC 0048 Case # 897945 |
| 70. | | NCMEC 0050 Case # 897945 |
| 71. | | NCMEC 0051 Case # 897945 |

| | |
|---|---|
| 72. | NCMEC 0052 Case # 897945 |
| 73. | NCMEC 0054 Case # 897945 |
| 74. | NCMEC 0055-0056 Case # 897945 |
| 75. | NCMEC 0057 Case # 897945 |
| 76. | NCMEC 0058 Case # 897945 |
| 77. | NCMEC 0059 |
| 78. | NCMEC 0060-0061 |
| 79. | Stults, docs produced by |
| 80. | Dept. of Justice grants materials |
| 81. | Certified diverse newspaper articles |
| 82. | Documents from Fox if ever produced |
| 83. | Documents from STP/AMW if ever produced |
| 84. | Documents from Wal-Mart if ever produced |
| 85. | Documents from Pane if ever produced |
| 86. | |

Meuse reserves the right to update and supplement this list as appropriate.

(10) **Trial Counsel for Meuse**

Barbara C. Johnson, Esq.,
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972

Respect-
fully submitted,
BRIAN J. MEUSE,
By his attorney,

/s/ Barbara C. Johnson  <barbaracjohnson@worldnet.att.net>

17 April 2006

Barbara C. Johnson, Esq.,
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972