UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10255EFH

**BRIAN J. MEUSE,**
     Plaintiff,

v.

**SUSAN PAINE, ROSALYN STULTS,
LT. DET. DANIEL R. MOYNIHAN,**
In His Official and Individual Capacities,
**CPT. DONALD THOMPSON,**
In His Official and Individual Capacities,
**CITY OF HAVERHILL, MASSACHUSETTS,
LOUIS FREE,** In His Official Capacity,
**CHARLES S. PROUTY,** In His Official and
Individual Capacities, **FOX NEWS
CHANNEL,** a/k/a **FOX25NEWS,
AMERICA'S MOST WANTED, NATIONAL
CENTER FOR MISSING AND EXPLOITED
CHILDREN, WAL-MART STORES, INC.,**
     Defendants,

**DEFENDANTS, MOYNIHAN, THOMPSON AND CITY OF HAVERHILL'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL
MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

The defendants, Daniel Moynihan, Donald Thompson and the City of Haverhill respectfully submit this memorandum in support of their partial motion for summary judgment. The plaintiff Brian Meuse's suit arises from an alleged unlawful arrest for kidnaping his daughter. The plaintiff's complaint asserts civil rights violations for false arrest and false imprisonment. This motion seeks to dismiss only the claims for civil rights violations.

**II.   STATEMENT OF FACTS**

The plaintiff, Brian J. Meuse (hereinafter "Meuse") had a relationship with the defendant, Susan Paine (hereinafter "Paine"). The plaintiff and Paine were the parents of Marissa Lynn Meuse, who was born on August 4, 1999. (See, plaintiff's verified complaint, ¶ 3.) The defendant Paine and the plaintiff Meuse lived together in the City of Haverhill, Massachusetts.

On September 13, 1999, Meuse filed an action for custody and paternity of Marissa Meuse and motion seeking the Court to order Paine to remain in Massachusetts. On October 11, 2000, Justice Mansi of the Probate Court gave Paine temporary custody of the child. (Id, ¶172 and Exhibit ZZ.) On October 20, 2000, Paine reported to the Haverhill Police that the child had not been returned after a visitation with her father. (Id. Exhibit BB Police Report.) The failure of Meuse to return his daughter was in violation of Justice Mansi's Court Order. (Id. See Exhibit ZZ). Justice Manzi's order stated "mother shall have sole legal and sole physical custody of Marissa Lyne Meuse until such time as both litigants appear before the court upon appropriate pleading and proper notice. (Id. See Exhibit ZZ).

On October 25, 2000, Det. Moynihan of the Haverhill Police Department filed an application for a warrant and criminal complaint for Brian Meuse at the Haverhill District Court for kidnapping Marissa Meuse based on Paine's representations and her police report. (See Exhibit BB) (Id, ¶ 215; Exhibit DD attached to plaintiff's complaint.) On or about October 25, 2000, Clerk Kim Arada of the Haverhill District Court signed the warrant. (Id, ¶ 222.) Moynihan signed the application for the criminal complaint. (Id, ¶ 186.) The criminal complaint and warrant also issued on October 25, 2000. (See Exhibits Y and Z). At the time of the warrant Moynihan and Thompson were both veteran police officers with the Haverhill Police Department. (Plaintiff's Complaint, ¶173)

On or around the first week in December, 2000, Meuse and his daughter were living in Ada, Oklahoma. (Id, ¶ 377.) On or about March 23, 2001, Meuse was charged with parental kidnaping while in court in Ada, Oklahoma. (Id, ¶ 384.) Meuse was ultimately brought back to Haverhill District Court for his arraignment. (Id, ¶ 387.) On May 23, 2002, Meuse was found not guilty of parental kidnaping. (Id, ¶ 395.)

III. **ARGUMENT**

A.  **The Plaintiff's Claim For Civil Rights Violations Must Be Dismissed.**

The defendant, Moynihan sought and the court issued a warrant for the arrest of the plaintiff. It is true that the issuance of a warrant does not necessarily preclude a claim for unlawful arrest. See, Malley v. Briggs, 475 U.S. 335,345 (1986). The question is "'whether a reasonably well trained officer would have known that the [arrest] was illegal despite the magistrate's authorization.'" Id. (quoting United States v. Leon, 468 U.S. 897, 922 n.23 (1984)). Here, with respect the arrest of Brian Meuse, the plaintiff has not proffered evidence that would permit a rational jury to conclude that an objectively reasonable officer in the circumstances of, and with the information available to, the defendants would have known that the arrest of Meuse was illegal. That is true for two reasons. First, there is no evidence that an objectively reasonable officer would have doubted the validity or soundness of the warrant or the police report filed by Susan Paine. More fundamentally, there was probable cause for the arrest. The plaintiff does not seem to dispute that if the information given the police was true, probable cause would have existed to believe Meuse had committed the crime for which he was arrested. Rather, his argument is that the information was not true and the police, or more precisely, an objectively reasonable officer in the same position, should have realized that it was not true. The difficulty is that the plaintiff has not offered evidence that would adequately support such an inference, but instead offers only speculation and surmise, which are plainly not enough to fend off summary judgment for the defendants.

B.  **The Defendants Moynihan and Thompson Must Be Qualifiedly Immune From Liability.**

The claims against Det. Moynihan and Thompson must be dismissed pursuant to the doctrine of qualified immunity. Governmental officials performing discretionary functions are

shielded from liability for civil damages in so far that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 US 800, 818 (1982).

Under Massachusetts law, the police need not submit an affidavit in support of an application for an arrest warrant. Commonwealth v. Baldassini, 357 Mass. 670 (1970). Mere "ministerial defect," such as the lack of an official signature, many not render an arrest warrant invalid. Commonwealth v. Pellegrini, 405 Mass 86 (1989). The plaintiff Meuse does not dispute that the defendant Det. Moynihan went to the Haverhill District Court, sought a warrant and a criminal complaint for the arrest of Mr. Meuse. It is undisputed also, that the Clerk at the District Court issued an arrest warrant for Mr. Meuse. Fourth Amendment violation may be established if the plaintiff can show that officers acted in reckless disregard, with a high degree of awareness of the probable falsity of statements made in support of an arrest warrant. Forrest v. Pawtucket Police Department, 377 F 3rd 52 (1st Cir 2004). Similarly, the intentional or reckless omission of material exculpatory facts from information presented to a Magistrate may also amount to a Fourth Amendment violation. DeLoache v. Beavers, 922 Fed 2nd 618 (10th Cir 1990). The plaintiff has failed to identify any material omission by the Haverhill defendants that a reasonable person would have known that a judge or magistrate would want to know. Wilson v. Russo, 212 Fed 3rd 781 (3rd Cir 2000). It is objectively reasonable for officers to seek an arrest warrant so long as the presence of probable cause is at least arguable. Prokey v. Watkins, 942 Fed 2nd 67 (1st Cir 1991). The order of Justice Manzi coupled with the police report filed by Susan Pane established probable cause to seek an arrest warrant.

The Fourth Amendment requires arrests be based on probable cause. See Alexis v.

McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 349 (1st Cir.1995). If probable cause exists to arrest, then there has not been a constitutional deprivation. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir.1996). The probable cause standard is a "relatively low threshold" for police officers to establish. White v. Town of Marblehead, 989 F.Supp. 345, 349 (D.Mass.1997). The probable cause analysis involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time and not [an assessment of] the officer's state of mind at the time the challenged action was taken." Alexis v. McDonald's, 67 F.3d at 349. "Probable cause will be found if 'the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense.' " *Id.* (quoting Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992). This assessment depends on "the totality of the circumstances" and "probable cause conclusions may be predicated on information furnished by a credible victim ." White v. Town of Marblehead, 989 F.Supp. at 351. "If reasonable grounds to arrest exist, probable cause is established and there is no further duty to investigate."*Id.* at 349.  The probable cause standard also applies when police are seeking or swearing out a criminal complaint. Thus, if they had probable cause to seek the complaint at the time, such officers are insulated from liability.  Carey v. City of Fall River, 870 F.2d 40, 40 (1st Cir.1989) (concluding probable cause protected officers who "sought out the criminal complaint"); Franco-de Jerez v. Burgos, 876 F.2d 1038, 1040-1041 (1st Cir.1989). White v. Town of Marblehead, 989 F.Supp. at 349, 351 (determining victim's statements alone established probable cause for officers to seek criminal complaint).

   In the instant case, the uncontroverted evidence establishes that the Police Defendants

had probable cause to seek Mr. Meuse's arrest for kidnapping. Officer Moynihan reasonably relied on verbal and written reports by Paine that Mr. Meuse had wrongfully taken his daughter out of state.

### C.  There Is No Evidence Of An Unlawful Custom Or Practice By The City Of Haverhill

Municipal liability under section 1983 cannot be based on *respondeat superior*. Monell v. New York City Dep't of Soc. Svces., 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality liable under Section 1983 or the MCRA, a plaintiff must "identify a municipal 'policy' or 'custom' that caused his or her injury." Board of the County Comm'rs of Bryant County v. Brown, 117 S.Ct. 1382, 1388 (1997)  Municipal liability lies only when a municipal policy or custom causes the alleged constitutional deprivation. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992).  A single incident of misconduct alleged in a complaint does not suffice to show a municipal policy. City of Canton v. Harris, 489 U.S. 378, 387 (1989); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985)(plurality opinion); See Also, Gallego v. Wilson, 882 F.Supp. 1169 (D.Mass. 1995)(dismissed plaintiff's municipal misconduct claim because a single alleged incident of individual misconduct cannot establish a municipal policy or custom).

The plaintiff must prove a direct link between the policy statement or custom and the constitutional violations. Bowen v. City of Manchester, 966 F.2d 12, 18 (1st Cir. 1992). "[I]solated instances of unconstitutional activity [by subordinates] ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise show deliberate indifference." Maldanado-Denis v. Castillo-Rodriquez, 23 F.3d 576 (1st Cir. 1994).

Moreover, in the cases of supervisory liability, the First Circuit has held that "supervisory liability under §1983 cannot be predicated on respondeat theory, but only on the basis of the supervisor's own acts or omissions." Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997). There is supervisory liability only if (1) there is subordinate liability, and (2) the supervisor's action or inaction was "affirmatively linked" to the constitutional violation cause by the subordinate. Id. See also Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988). That affirmative link must amount to "supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference. Id.

The plaintiff in this case has alleged absolutely no evidence that the City of Haverhill embraced a policy or custom under which any official acted to deprive them of any constitutional rights or that the Town encouraged, condoned or acquiesced to civil rights violations. Accordingly, the plaintiff's federal civil rights claims against the City of Haverhill must be dismissed.

## IV.   CONCLUSION

For the above stated reasons the plaintiff's §1983 claims must be dismissed.

        The Defendants, Daniel Moynihan, Donald
        Thompson and City of Haverhill
        by their attorney,

        /s/ Regina M. Ryan
        Douglas I. Louison BBO# 545191

                                  Regina M. Ryan BBO# 565246
                                  MERRICK, LOUISON & COSTELLO, LLP
                                  67 Batterymarch Street
                                  Boston, MA 02110
                                  (617) 439-0305

## **CERTIFICATE OF SERVICE**

      I, Regina M. Ryan, hereby certify that on the 11th day of August, 2006, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to: **Barbara C. Johnson, Esquire**, 6 Appletree Lane, Andover, MA 01810-4102; **Elizabeth A. Ritvo, Esquire**, Brown, Rudnick, Berlack & Israels, LLP, One Financial Center, Boston, MA 02111; **George A. Berman, Esquire**, Peabody & Arnold, 30 Rowes Wharf, Boston, MA 02110; **Timothy P. Van Dyck, Esquire**, Edwards & Agell, LLP, 101 Federal Street, Boston, MA 02110; **Windy L. Rosebush, Esquire**, 230 Congress Street, Boston, MA 02110 and **Chauncey D. Steele, Esquire** Craig & MacAuley, P.C., Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA 02110.

                                  /s/ Regina M. Ryan
                                  Regina M. Ryan