UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,
Rosalyn Stults,
Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly**, in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

_____

## MOTION TO ENLARGE TIME TO 16 OCTOBER 2006 TO FILE OPPOSITION TO LT. DETECTIVE MOYNIHAN, CAPTAIN THOMPSON, AND CITY OF HAVERHILL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Now comes Brian J. Meuse ["Meuse"] and moves for an extension to 16 October 2006 to file his Opposition to Lt. Detective Daniel R. Moynihan, Captain Donald Thompson, and City of Haverhill's Motion for Partial Summary Judgment.

As grounds, Meuse's counsel received three or four emergency motions from diverse opposing counsel during the same week in the State case related to the instant one, had proposed findings of fact and rulings of law due after a bench trial before Magistrate-Judge Robert B. Collings (who kindly and graciously allowed her request for a one-week extension), and received a notice of disbarment, which imposed unanticipated obligations on her as well as created tasks on her own behalf to do, e.g., write a Petition for Rehearing. There remain several items that she must do, e.g., she must write a Motion to Stay as well as preserve her right to appeal to the full

1

Case 1:04-cv-10255-EFH    Document 153    Filed 08/30/2006    Page 2 of 3

**MOTION TO ENLARGE TIME TO 16 OCTOBER 2006
TO FILE OPPOSITION MOYNIHAN, THOMPSON, AND
THE CITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
8/29/2006   10:56:26 PM**

panel of the Massachusetts Supreme Judicial Court. In fact, she hopes that an enlargement of time to October 16, 2006, will be sufficient. She is not entirely sure.

In support, Johnson states that the charges brought by the Office of Bar Counsel (who has since voluntarily resigned) and Board of Bar Overseers are both bizarre and bogus and she must fight them to the fullest. The petition against Johnson was purely political. It fully bloomed when she ran for governor in 2002 on a platform of court reform and the abolishment of judicial immunity. It was but a few weeks after the election when she received notice that she was to be disciplined.

Two examples of the bizarre appear on the first two pages of Justice Francis X. Spina's Memorandum and Judgment: For instance, he wrote Johnson uploaded to her website a psychological report. Given that she **_never_** put a psychological report on her website, neither the OBC nor the BBO nor the Court could identify the psychologist or produce a copy of the alleged report.

Justice Spina also wrote that she disobeyed a court order to return pleadings to the Juvenile Court. Johnson was **_never_** in that or any other Juvenile Court, **_never_** got anything from a Juvenile Court, **_never_** put anything from a Juvenile Court on her website. Even the prosecutor for the OBC admitted that Johnson did **_not_** have access to documents from the Juvenile Court. Therefore Johnson had **_nothing_** to return to the Juvenile Court. Similarly, neither the OBC nor the BBO nor the Court could identify the documents that Johnson allegedly did not return.

With politically motivated marching orders, however, the BBO hearing officer, the Board, and the single justice serving the Court persisted in falsely accusing Johnson of same. Johnson used some of the time she would have used responding to the movants' motion for summary judgment to respond fully in a Petition for Rehearing, which this past Friday was summarily denied, as, unfortunately, anticipated. She will not go down without a serious fight. As is, without

2

Case 1:04-cv-10255-EFH   Document 153   Filed 08/30/2006   Page 3 of 3

**MOTION TO ENLARGE TIME TO 16 OCTOBER 2006
TO FILE OPPOSITION MOYNIHAN, THOMPSON, AND
THE CITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
8/29/2006   10:56:26 PM

any basis in truth or reality, she considers the single-justice's judgment as one void *ab initio*, which entitles her to ignore it.

> . . . [O]nly where the court lacks jurisdiction to make an order or where an order is transparently invalid on its face may a party ignore a court order and attempt to evade sanctions by litigating the validity of the underlying order.  Matter of Providence Journal Co., 820 F.2d 1342, 1347 (1st Cir.1986), *modified on reh'g*, 820 F.2d 1354 (1st Cir.1987).  See Vakalis v. Shawmut Corp., 925 F.2d 34, 36-37 (1st Cir.1991).

Oakham Sand & Gravel Corp. v. Town of Oakham, 54 Mass.App.Ct. 80, 87 (2002), *cert. denied* 437 Mass. 1109 (2002).  Johnson has not had as yet, if ever she will have, any opportunity to litigate the validity of the order.

Johnson has not yet learned whether Justice Spina's Judgment and the diverse orders accompanying it apply to federal court, where she has three cases, including the instant case.

Wherefore, it is imperative that this motion be allowed.  Meuse's counsel has had to focus her energies and efforts on the most pressing matters first . . . precluding her from applying triage.

|  |  |
|---|---|
|  | Respectfully submitted,<br>BRIAN J. MEUSE,<br>By his attorney, |
| 30 August 2006 | /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net><br>Barbara C. Johnson, Esq.,<br>BBO #549972<br>6 Appletree Lane<br>Andover, MA 01810-4102<br>978-474-0833 |

### PLAINTIFF'S CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify, pursuant to Local Rule 7.1(A)(2), that as counsel for Plaintiff Brian Meuse, because of the amount of work I had, I requested—a few weeks ago—the movants' counsel to delay filing the summary judgment pleadings.  The movants' counsel refused.  The movants' counsel did not attempt to narrow the issues as required by Rule 7.1, which appears to be one of the most abused in the repertoire of rules.

|  |  |
|---|---|
| 30 August 2006 | /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net><br>Barbara C. Johnson, Esq.<br>6 Appletree Lane<br>Andover, MA 01810-4102<br>978-474-0833<br>BBO #549972 |