UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,
Rosalyn Stults,
Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,
America's Most Wanted,
National Center for Missing and Exploited Children,
Wal-Mart Stores, Inc.**
Defendants

---

### MEUSE'S OPPOSITION TO MOYNIHAN, THOMPSON, AND CITY OF HAVERHILL'S MOTION TO RECONSIDER EXTENSION OF TIME TO OPPOSE MOTION FOR PARTIAL SUMMARY JUDGMENT

Now comes Brian J. Meuse ["Meuse] to oppose DEFENDANT MOYNIHAN, THOMPSON, AND CITY OF HAVERHILL'S MOTION TO RECONSIDER EXTENSION OF TIME TO OPPOSE MOTION FOR PARTIAL SUMMARY JUDGMENT.

As grounds, Meuse states that Defendants Moynihan, Thompson, and the City of Haverhill failed to state in their motion for reconsideration how they will be prejudiced by the extension of time allowed Meuse. The defendants' lawfirm, Merrick, Louison & Costello ["MLC"], specializes in police cases. In nearly every police case, the police seek qualified immunity. The defenses and the law they use are inherent in the boilerplate. It would be remarkable were MLC to be prejudiced in any conceivable way by learning 6 weeks prior to trial in this case that their defendants did not merit qualified-immunity protection. MLC knows the facts in this case.

1

Their two natural defendants testified at the criminal trial of Meuse for parental kidnapping. Almost the entire Complaint quotes from the transcript of that criminal trial. The only trial preparation their defendants need is how to put a spin on the definitive facts.

As Meuse's counsel stated, she was besieged by unanticipated work around the time MLC decided to write and file their motion for partial summary judgment. MLC counsel, Regina Ryan—even though her clients were defendants in the federal action—was present at Meuse's deposition in the State case and was well, well aware of the frivolous motions brought by the counsel of FOX, STF/AMW, and NCMEC in that case after it was discovered that counsel for FOX and STF/AMW had **_accessed and was using_** the computer of the reporter transcribing the deposition **_in the middle of the deposition_**!!!, causing the suspension of the deposition mid-day.

After the discovery and the admission by opposing counsel and NCMEC's acquiescence to that unethical act, opposing counsel for the three corporate defendants gang-banged Meuse with multiple motions for a solid week and sought an emergency hearing. Ryan was sent those motions. Her filing the motion for partial summary judgment almost simultaneously was simply the act of the last gang-banger.

Meuse's counsel is currently under considerable pressure, given the bogus charges against her by the BBO, and simply cannot tolerate counsel from allegedly prestigious and certainly large firms getting away, i.e., not being sanctioned, for unethical acts.

This court must not countenance MLC's moaning about a date of filing when the sin—as Magistrate Judge Collings would say—is venial, not fatal.

WHEREFORE, the motion to reconsider by Defendants Moynihan, Thompson, and the City of Haverhill must be denied.

                                                   Respectfully submitted,

                                                BRIAN J. MEUSE,
                                                By his attorney,

/s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>

13 September 2006                         Barbara C. Johnson, Esq.
                                                6 Appletree Lane
                                                Andover, MA 01810-4102
                                                978-474-0833
                                                BBO #549972