UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-10255-EFH

**Brian J. Meuse**
Plaintiff

v.

**Susan Pane,**
**Rosalyn Stults,**
**Lt. Detective Daniel R. Moynihan**, in his official and individual capacities,
**Captain Donald Thompson**, in his official and individual capacities,
**City of Haverhill, Massachusetts,**
**Louis Freeh**, in his official capacity,
**Charles S. Prouty**, in his official and individual capacities,
**Charles P. Kelly,** in his official and individual capacities,
**FOX Television Stations, Inc.,**
**STF Productions, Inc.**, a/k/a America's Most Wanted,
**National Center for Missing and Exploited Children,**
**Wal-Mart Stores, Inc.**
Defendants

---

### MEUSE'S OPPOSITION TO DEFENDANTS MOYNIHAN, THOMPSON, AND CITY OF HAVERHILL'S MOTION FOR SUMMARY JUDGMENT
**(A Local Rule 56.1 Statement of Facts and a supporting memorandum accompany this opposition and an affidavit appears below the signature on page.)**

Now comes Brian J. Meuse ["Meuse] to oppose the Motion for Summary Judgment by Defendants Lt. Detective Daniel R. Moynihan ["Moynihan"], Captain Donald Thompson ["Thompson"], and City of Haverhill, Massachusetts ["Haverhill"].

As grounds, Meuse states that Moynihan, Thompson, and Haverhill ["MTH"] have not controverted any of the material facts Meuse has pled. Instead, MTH seeks partial summary judgment based on two matters of mixed fact and law of which they cannot prevail.

In support, Meuse relies on the facts and legal arguments set forth in all of his pleadings filed in this case, including but not limited to the Amended Verified Complaint, which incorporates them herein by reference.

1

**ARGUMENTS**

1. The defense of qualified immunity must fail where Moynihan and Thompson were objectively UNreasonable or were incompetent.

2. Where the police officers' conclusion of probable cause was objectively unreasonable when the facts are viewed in light most favorable to Meuse, Lt. Det. Moynihan and Capt. Thompson must be denied qualified immunity on summary judgment.

3. Where Moynihan (a) failed—and admitted he failed— to demonstrate that he could prove probable cause to support his application for an arrest warrant, (b) failed to produce evidence that he took an oath, (c) failed to produce evidence, e.g., such as a tape or transcript, of a hearing on his application, the arrest warrant is invalid.

4. Where there is evidence of an unlawful custom or practice by Haverhill and an unconstitutional policy can be inferred from a single decision by the responsible City officials, summary judgment on Meuse's civil rights claims is inappropriate

5. Where (1) there was an affirmative link between the street-level misconduct and Chief Barone and Haverhill, directly through the then-mayor, (2) there was notice to Barone and Haverhill, (3) Barone and Haverhill, were deliberately indifferent, and (4) they failed to take easily available measures to address the risk, summary judgment of Meuse's §1983 claims against Haverhill is inappropriate.

    a. Affirmative link
    b. Notice
    c. Deliberate indifference
    d. Failure to take easily available measures to address the risk

6. Where MTH not only were willing participants in the conspiracy, which included state actors, but also aided Pane in creating a situation out of which the potential prosecution of Meuse could and would likely grow and lead to possible conviction, summary judgment of Meuse's claims for conspiracy against MTH under §1985(3) os inappropriate.

    a. Invidious discriminatory animus is, under Bray, *infra,* not an element of conspiracy pursuant to the SECOND clause of §1985(3). Invidious discriminatory animus was created by judicial fiat as an element for conspiracy pursuant to the FIRST clause of §1985(3) in <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).

7. Moynihan, Thompson, and Haverhill are liable for civil rights deprivations committed by others where their acts were done with the intent to commit those acts

    WHEREFORE, Plaintiff prays this court DENY the movants' motion for partial summary judgment on Meuse's civil rights claims and award Plaintiff attorney's fees for having to oppose a frivolous motion. If the award of fees to Meuse is made, Plaintiff's counsel prays that she be given

at least 10 days to prepare the accounting and supporting affidavit.

Respectfully submitted,
BRIAN J. MEUSE,
By his attorney,

/s/ Barbara C. Johnson <barbaracjohnson@worldnet.att.net>
Barbara C. Johnson, Esq.
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972

16 October 2006

## AFFIDAVIT BY BARBARA C. JOHNSON

I, Barbara C. Johnson, Esq., hereby depose that all statements and observations I attribute to my-self saying or observing are true, and all other statements are true upon information and belief.

Sworn under the pains and penalties of perjury.

16 October 2006         /s/ Barbara C. Johnson <barbaracjohnson@worldnet.att/net>
                        Barbara C. Johnson, Esq

3